MEAT TRADE INSTITUTE, INC., et al., Appellants, v. MARY McLAUGHLIN, as Commissioner of Health, et al., Respondents.

First Department, December 7, 1971.

*William J. Condon* of counsel (*Condon & McMurray,* attorneys), for appellants,

*Alfred Weinstein* of counsel (*Stanley Buchsbaum* and *Hugh J. O'Rourke* with him on the brief; *J. Lee Rankin, Corporation Counsel,* attorney), for respondents.

*Per Curiam.* Plaintiffs are (1) trade associations representing a wide cross section of the meat packing industry throughout the United States as well as in the metropolitan New York area; (2) meat packers located both within and without the City of New York, who are subject to meat inspection pursuant to the provisions of the Wholesome Meat Act of 1967 (U. S. Code, tit. 21, § 601 *et seq.*); and (3) a meat packer located in the City of New York whose operations are subject to the meat inspection provisions of the Agriculture and Markets Law of New York State.

The defendants are appropriate officials of the Department of Health of the City of New York. The matter was commenced by an order to show cause and a motion for a preliminary injunction. Mr. Justice KORN, sitting in Special Term, Part I, of the Supreme Court of New York County, denied the motion and dismissed the complaint. The enforcement of section 91.07 (subd. [b], par. [1]) of the New York City Health Code has been stayed pending the outcome of this appeal by order of the Appellate Division entered September 23, 1971.

The nature and object of the action is to seek a preliminary and permanent injunction against the enforcement of section 91.07 (subd. [b], par. [1]) of the New York City Health Code; together with a judgment declaring that section to be null and void. The gravamen of plaintiffs-appellants' complaint is that section 91.07 (subd. [b], par. [1]) requires labeling on meat products in a manner different from and in addition to the requirements of the Wholesome Meat Act of 1967 and article 5-B of the Agriculture and Markets Law of the State of New York, as amended (L. 1962, ch. 324, § 2; L. 1968, ch. 392), and the regulations promulgated thereunder.

Special Term has determined that there has been no preemption of the field in question by the Federal Government and that New York State has not intervened; and Special Term not only denied petitioners' application for a preliminary injunction, but dismissed the complaint, We disagree and conclude that the Federal statutes have pre-empted the field, including label requirements, insofar as interstate commerce is concerned; and regulations by our local city authorities are accordingly, precluded. (See *Napier* v. *Atlantic Coast Line,* 272 U. S. 605; *Bethlehem Co.* v. *State Bd.,* 330 U. S. 767.)

And similarly, in respect of intrastate regulation, we conclude the State has also permissibly pre-empted the whole area of activity now sought to be governed by the city, and that being so, the city is an interloper. (See L. 1968, ch. 392; *Matter of Kress & Co.* v. *Department of Health,* 283 N. Y. 55; *Wholesale Laundry Bd. of Trade* v. *City of New York,* 12 N Y 2d 998.) Commendable, indeed, may be the motives of the city, but its labeling requirements as to meat products, claimed to have validity pursuant to an exercise of police power, may not be upheld in the face of previously declared pre-emptive action by the Federal and State Governments. Section 678 of title 21 of the United States Code has explicitly ordained that the Secretary of Agriculture has exclusive jurisdiction of the labeling requirements of meat products produced in Federally inspected meat packing plants. Article 5-B of the New York Agriculture and Markets Law, the New York State Meat Inspection Act (as amd. by L. 1968, ch. 392) and 1 NYCRR 300.4 of the State regulations, also require prior approval before any label may be used on any product prepared under the New York State meat inspection system. The latter were enacted, pursuant to permissible concurrent jurisdiction by the State, with respect to Federally inspected products if they become adulterated or, if after leaving the Federal establishment, they become misbranded, by virtue of obliteration, defacement or other alteration of the label. See subchapter III of the Wholesome Meat Act (U. S. Code, tit. 21, § 661), which deals with Federal-State co-operation and provides for the development of a Nationwide program of meat inspection encompassing intrastate, as well as interstate operations. Thus, the city may not obtrude itself into this area of activity, however well-intentioned.

Accordingly, Special Term has erred in denying the injunction and dismissing the complaint. We would reverse, on the law and the facts, without costs and without disbursements, grant the preliminary injunction as requested and reinstate the complaint.

STEVENS, P. J., McGIVERN, MARKEWICH and MURPHY, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on August 31, 1971, unanimously reversed, on the law and the facts, without costs and without disbursements, and vacated, the motion granted and the complaint reinstated.