KIRCOS v HOLIDAY FOOD CENTER, INC

Docket No. 76067. Decided February 18, 1986. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded the case to the circuit court for further proceedings.

John Kircos brought an action in the Wayne Circuit Court against Holiday Food Center, Inc., and John Morrell & Co., seeking damages resulting from trichinosis, contracted following his consumption of pork sold by the defendants, and alleging negligence, breach of warranty, and a violation of the statutory obligation not to sell adulterated meat. The court, Maureen P. Reilly, J., granted summary judgment for the defendants. The Court of Appeals, V. J. BRENNAN, P.J., and CYNAR and SIMON, JJ., affirmed (Docket No. 73219). The plaintiff seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice WILLIAMS and Justices LEVIN, BRICKLEY, BOYLE, and ARCHER, the Supreme Court *held:*

The plaintiff stated a cause of action on which relief could be granted, requiring remand for further proceedings. The holding of the Court in *Cheli v Cudahy Bros Co,* 267 Mich 690 (1934), concerning the inspection and preparation of pork which was substantially relied upon by the trial court and the Court of Appeals, does not foreclose the plaintiff's claim. The pronouncements of the Court in *Cheli* were statements of fact, explicitly based on the record in that case, and were not statements of law to be given precedential effect in future cases. The plaintiff should have been given an opportunity to demonstrate that the statements were dated. On remand, a motion for summary judgment on the ground that, except for the amount of damages, there is no genuine issue as to any material fact may be considered, but without reliance upon the factual statements made in *Cheli.*

Reversed and remanded.

Justice RILEY, joined by Justice CAVANAGH, dissenting, stated that she was in accord with the determination of the trial court and the affirmance of the Court of Appeals.

140 Mich App 616; 364 NW2d 764 (1985) reversed.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Elizabeth J. Larin*), for the plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *Herschel P. Fink*) for the defendants.

PER CURIAM. Afflicted with trichinosis after eating contaminated pork, the plaintiff sued the market where he purchased the meat and the wholesaler that sold it to the market. These defendants were granted summary judgment by the circuit court, which the Court of Appeals affirmed. The plaintiff applies for leave to appeal.

Because we believe that the plaintiff has stated a claim on which relief can be granted, we set aside the summary judgment, and we remand this case to the circuit court for further proceedings.

I

The plaintiff alleges that he purchased fresh pork from the Holiday Food Center on or about July 1, 1981, and that this pork had been sold to Holiday Food Center by John Morrell & Co. The plaintiff says that the meat was contaminated with trichinella spiralis parasites and that he became ill after consuming the pork. He says that the pork "had been prepared in a reasonable and foreseeable manner." As to each defendant, he alleges negligence, breach of warranty, and violation of the statutory[1] obligation not to sell adulterated meat.

Defendant Morrell moved for summary judgment under GCR 1963, 117.2(1),[2] asserting that the plaintiff had failed to state a claim on which relief

---

[1] MCL 289.707(a), 289.716(a)(1); MSA 12.933(7)(a), 12.933(16)(a)(1).

[2] See MCR 2.116(C)(8).

can be granted. Morrell based this assertion on four grounds: (a) "[a]pplicable federal rules permit sale of fresh pork without treatment for the destruction of trichinae," (b) "[t]he law of Michigan does not create any duty on the part of a wholesaler with regard to sale of pork containing trichinae," (c) "[a]ny implied warranty of fitness in the sale of fresh pork is limited to fitness for consumption when properly cooked, and not in a raw, partially or improperly cooked state," and (d) "[t]he Court may take notice that pork cooked in a normal or reasonable fashion will kill trichinae spiralis, and that any claim to the contrary is a physical and biological impossibility." Defendant Holiday subsequently joined in this motion.

The motion was granted by the circuit court, which relied upon *Cheli v Cudahy Bros Co,* 267 Mich 690; 255 NW 414 (1934),[3] for the principle that there is no duty to sell trichinosis-free pork. The circuit court took judicial notice that trichinosis can be prevented by cooking pork to 137°F, and said that summary judgment was appropriate unless the plaintiff could produce some facts to show that trichinella spiralis not only can be detected, but also killed without destroying the freshness of the meat:

> All right. I have read the pleadings and the question I have at this point is whether or not plaintiff alleged any facts to show that not only can the industry detect trichinosis in the animal easily, but can they do it without changing the nature of fresh pork.
>
> *   *   *
>
> There was no duty on the part of the packer to provide trichinosis-free pork, fresh pork, and it seems to me that is the law in Michigan, and that

[3] Overruled in part, *Hill v Husky Briquetting, Inc,* 393 Mich 136; 223 NW2d 290 (1974).

I cannot even entertain changing the law unless I know that the plaintiffs can address the ruling of the court which was that there was no duty to correct the trichinosis even if it existed, because the state of the art at the time would require changing the nature of fresh pork. It would require freezing or cooking, or something, and then we no longer have fresh pork, it is ham or something else.

\* \* \*

I need specific allegations of fact to support your conclusionary allegations that the state of art has changed to the point where even though the packer could detect trichinosis, that they could correct the situation, kill the trichinosis, without changing the nature of the fresh pork. Without those kinds of factual allegations, we are still bound by the Supreme Court ruling which directly addressed that problem.

\* \* \*

The Supreme Court has already ruled that there is no duty not to sell animals with trichinosis because you can take judicial notice of that fact that simple cooking to 137°, which is very little above body temperature, will kill the trichinosis. And that the court has ruled, Michigan courts as well as others, that when it is sold on the market, fresh pork, it is with the understanding that people will cook it.

Now I realize all of your allegations said that he did cook it and it didn't kill the trichinosis, but to me his statement simply cannot be accepted in view of the court taking judicial notice that if you cook the pork through at 137° you kill the trichinosis. Therefore, if that is true, and the courts have all taken judicial notice of that, then you cannot accept his statement that he did cook it; he could not have cooked it properly.

So I am ruling that his statement, "I did cook it," is not enough to withstand summary judgment, because he did not cook it properly, no matter what he says, under the rule now for the

Michigan Supreme Court. Cooking it properly means a minimum of 137 degrees. If you cook it properly, you kill the trichinosis. He did not kill the trichinosis, therefore, he did not cook it properly. I have to live with that logic.

So getting back to trying to save your pleadings, the only way I can do it is if you give me facts to support the claim not only can it be detected, but that it can be easily killed without destroying the nature of the fresh pork. There are no facts before me to support that.

## II

After consolidating this case with a companion case that has not been appealed to this Court, the Court of Appeals affirmed. *Popour v Holiday Food Center, Inc,* 140 Mich App 616; 364 NW2d 764 (1985). In its opinion, the Court of Appeals likewise built much of its analysis on this Court's opinion in *Cheli.*

> In this situation we must determine whether a retailer or packer has an obligation to inspect or treat fresh pork for the destruction of trichinae spiralis. This necessarily involves a determination of whether the magnitude of the risk of the retailer's or packer's not inspecting or treating fresh pork for destruction of trichinae justifies the burden imposed by such an obligation. There is social value in having fresh pork available at the lowest possible price. The consumer demands fresh pork. Treatment for the destruction of trichinae will destroy the meat's freshness. *Cheli, supra.* Treated pork is, essentially, no longer fresh pork.
>
> The question then revolves around the inspection question. In *Cheli* the Court noted that microscopic inspection is not effective in inspecting for trichinae. Plaintiff suggests that newer inspection techniques are more effective[1] and that defendants were negligent in failing to employ them. However, negligence is conduct involving unreasonable

risk. *Moning* [v *Alfono,* 400 Mich 425; 254 NW2d 759 (1977), *reh den* 401 Mich 951 (1977)]. Only 0.009 percent or one hog of every 11,500 examined are found to be infected with trichinae.[2] Federal regulations provide that fresh pork does not need to be treated for destruction of trichinae since fresh pork is customarily well-cooked before serving. 9 CFR 318.10 (1984). The chance that a consumer will contract trichinosis from uninspected pork is small because ordinary cooking methods almost entirely eliminate the danger. *Cheli, supra,* pp 695, 697. Given the relatively small number of hogs that would be discovered to be infected and the likelihood that the consumer will thoroughly cook the pork before consuming it, we cannot conclude that there was a duty to inspect on the part of the sellers. There was no negligence; the risk of harm to the individual purchasers in consuming uninspected pork was minimal.

---

[1] *Facts About Trichinosis,* Agricultural Research Service, USDA (April, 1969).

[2] *Ibid.*

---

[*Popour,* 140 Mich App 622-623.]

### III

In the present case, the circuit court and the Court of Appeals have placed substantial reliance upon this Court's 1934 pronouncements in *Cheli,* concerning the feasibility of inspecting pork for trichinella spiralis and the beneficial effects of proper cooking of pork. Science and technology have, of course, advanced in the intervening half century. Our statements in *Cheli* about inspection and preparation of pork may be dated, and the plaintiff should have been given an opportunity to so demonstrate below. In any event, they were statements of fact that were explicitly based upon

the record made in *Cheli;*[4] they were not statements of law to be given precedential effect in future cases.

*Cheli* does not foreclose this plaintiff's suit, and the circuit court erred in granting to the defendants summary judgment under GCR 1963, 117.2(1). Accordingly, we reverse the summary judgment granted under the first paragraph of subrule GCR 1963, 117.2 and we remand this case to the circuit court for further proceedings. These proceedings may include consideration of a properly filed motion under MCR 2.116(C)(10),[5] but consideration of such a motion shall take place without reliance upon the factual statements made by this Court in *Cheli.*

## IV

In lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals, and we reverse the summary judgment granted the defendants under GCR 1963, 117.2(1). We remand this case to the circuit court for further proceedings consistent with this opinion. MCR 7.302(F)(1).

WILLIAMS, C.J., and LEVIN, BRICKLEY, BOYLE, and ARCHER, JJ., concurred.

RILEY, J. I respectfully dissent because I am in accord with the determination made by the trial court and the affirmance by the Court of Appeals.

CAVANAGH, J., concurred with RILEY, J.

---

[4] This Court stated in *Cheli,* "*The testimony shows* that there is no known, practicable or feasible method of determining whether hogs are infected with trichinae," and "*[i]t seems well established by the evidence* that the danger to the public is reduced to a minimum if the meat is thoroughly cooked." 267 Mich 693, 695.

[5] MCR 1.102.