JACKSON PRINTING CO, INC v MITAN

Docket No. 97319. Submitted March 1, 1988, at Detroit. Decided June 8, 1988.

Jackson Printing Co., Inc., brought an action in the Oakland Circuit Court alleging fraud by Teresa Mitan in connection with a credit application. Plaintiff sought damages for unpaid printing services. A jury returned a verdict in favor of plaintiff and awarded $19,817.25 in compensatory damages and $17,800 in exemplary damages. Defendant, claiming there was insufficient evidence of fraudulent misrepresentation, filed a delayed motion for judgment notwithstanding the verdict. The trial court, John N. O'Brien, J., denied the motion. A delayed application for leave to appeal was denied by the Court of Appeals. Defendant then filed in the trial court a motion for relief from the judgment, claiming that the jury instructions improperly allowed the jury to award exemplary damages. The trial court denied the motion and defendant appealed.

The Court of Appeals *held:*

1. This appeal is not barred by the law of the case since the prior denial of leave to appeal did not constitute a ruling on the merits of the case.

2. This appeal was taken within eighteen months of the entry of the order denying the motion for relief from the judgment and is therefore timely under MCR 7.205(F), and the motion for relief from the judgment was filed within a reasonable time as required by MCR 2.612(C)(2).

3. Exemplary damages were improper in this case inasmuch as the award of $19,817.25, representing the amount of unpaid printing services, fully compensated and made the plaintiff whole. The trial court abused its discretion in denying the motion for relief from the judgment.

The award of exemplary damages is vacated and the case

REFERENCES

Am Jur 2d, Damages §§ 671 *et seq.*
Am Jur 2d, Judgments §§ 915 *et seq.*
Am Jur 2d, Trial §§ 573 *et seq.*
Punitive damages: power of equity court to award. 58 ALR4th 844.

remanded for entry of a judgment in the amount of the award of compensatory damages.

1. J UDGMENTS — R ELIEF FROM J UDGMENT — E XTRAORDINARY C IRCUM - STANCES — C OURT R ULES .

Each case must be examined on its facts to determine whether relief from a judgment is necessary, and if such relief is not predicated on any grounds specified by the court rule and the substantial rights of the opposing party will not be detrimentally affected by a grant of relief, extraordinary circumstances must exist which mandate setting aside the judgment in order to achieve justice (MCR 2.612[C]).

2. M OTIONS AND O RDERS — R ELIEF FROM J UDGMENT — A PPEAL .

A trial court's ruling on a motion for relief from a judgment is discretionary and will not be disturbed on appeal absent a clear showing of an abuse of discretion (MCR 2.612[C]).

3. A PPEAL — J URY I NSTRUCTIONS — P RESERVING Q UESTION .

Failure to make a timely and specific objection to a trial court's jury instructions precludes appellate review unless manifest injustice would result; manifest injustice results where the defect in instruction is of such magnitude as to constitute plain error, requiring a new trial, or where it pertains to a basic and controlling issue in the case.

4. D AMAGES — E XEMPLARY D AMAGES .

Exemplary damages are compensation for injury to feelings and are properly awardable where the defendant commits a voluntary act which inspires feelings of humiliation, outrage, and indignity; the conduct must be malicious or so wilful and wanton as to demonstrate a reckless disregard of the plaintiff's rights.

5. D AMAGES — E XEMPLARY D AMAGES .

Exemplary damages may not be awarded to compensate a purely pecuniary grievance susceptible to full and definite monetary compensation.

*Seyburn, Smith, Bess, Howard, Kahn & Harnisch, P.C. (by Kenneth B. Morgan), for plaintiff.*

*John M. Peters, for defendant.*

Before: H. Hood, P.J., and J. H. Gillis and M. B. Breighner,* JJ.

Per Curiam. Defendant appeals as of right[1] from the trial court's order denying her motion for relief from a June 5, 1985, judgment on a jury verdict in favor of plaintiff in this action for fraud. Specifically, defendant challenges the court's jury instructions on exemplary damages.

The action arose out of an incident wherein defendant misrepresented information on plaintiff's credit application, causing plaintiff to render printing services to defendant on credit for which defendant did not pay. In plaintiff's complaint, it alleged it suffered damages of $19,817.25 due to the credit it extended on the basis of defendant's misrepresentations.

The court instructed the jury as follows on exemplary damages:

> If you find an act to have been done with design and from willful and malicious motives, the law compels full compensation, and full compensation may not be awarded solely by the payment of the actual value. Where the act complained of arises from willful, malicious conduct, exemplary damaged [sic] may be recoverable. You are not to award these damages as a punishment to the wrongdoer, but to compensate the injured party, so that you are still thinking in terms of compensation.

The jury awarded plaintiff $19.817.25 in compen-

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

[1] Acceptance of the claim of appeal was erroneous; this appeal should have been by leave, since the order appealed from did not affect with finality the rights of the parties as previously determined. *Gherardini v Ford Motor Co,* 394 Mich 430; 231 NW2d 643 (1975). Inasmuch as we have found merit, we exercise our discretion to treat the claim of appeal as an application, and grant the application. MCR 7.216(A)(3) and (7).

satory damages and $17,880 in exemplary damages.

On November 6, 1985, defendant filed a delayed motion for judgment notwithstanding the verdict, solely on the grounds that there was insufficient evidence of a fraudulent misrepresentation on her part. On November 21, 1985, the trial court denied the motion. The order did not state whether the court denied the motion because the motion was untimely or whether the court denied the motion on the merits. On December 2, 1985, defendant filed in this Court a claim of appeal from the order denying her motion for judgment notwithstanding the verdict. This Court dismissed the appeal because of the untimeliness of the motion. On January 17, 1986, defendant filed in this Court a delayed application for leave to appeal. In this application, defendant again alleged that there was insufficient evidence of a fraudulent misrepresentation, and also alleged that the instructions on exemplary damages were improper. On July 2, 1986, this Court denied defendant's application "for lack of merit in the grounds presented." On August 19, 1986, this Court denied defendant's motion for rehearing.

On September 18, 1986, defendant filed in the trial court a motion for relief from the June 5, 1985, judgment, pursuant to MCR 2.612(C)(1)(f), on the grounds that the instructions improperly allowed the jury to award exemplary damages. Following a hearing on November 26, 1986, the court denied the motion. Regarding exemplary damages, the court stated:

> In my view, punitive damages are pretty much what the language suggests. They are to punish the alleged wrongdoer for his or her awful conduct. We do not have punitive damages in Michi-

gan, even though the courts have finally concluded. [sic] We do have however, still with us until they decide that we are not going to have them any longer, that which is called exemplary damages. Well, in my view, they are to make an example of a wrongdoer, and that wrongdoer's particular course of conduct for the purpose of being a deterrent to others of our society who might also choose to follow that course of conduct.

Mr. Peters, given your interpretation and drawn from, you know, not irresponsibly appellate opinions talking about the opportunity here for double recovery, I suggest to you there would be no exemplary damages. And the appellate court[s], although if we review the cases, appear to have had a great deal of trouble sorting out the differences, if any, between punitive and exemplary damages. They have at last writing left us with at least exemplary damages. I think they are an additional award for the same circumstances as an example, given a particularly reprehensible course of conduct not for punishment.

I suggest to you that Mrs. Mitan's conduct should be reviewed as perhaps being criticized through an award of damages as being so bad as to be made an example of for other members of the public. The request for a reduction or a modification of the judgment is denied.

A written order denying defendant's motion was entered on December 8, 1986. Defendant appeals as of right from this order.

Initially, we must address plaintiff's claim that defendant's appeal is barred by the law of the case. Plaintiff claims that this Court's July 2, 1986, denial of defendant's application for leave to appeal "for lack of merit in the grounds presented" bars the reraising of this issue.

The term "law of the case," as generally used, designates the principle that if an appellate court

> has passed on a legal question and remanded the
> cause to the court below for further proceedings,
> the legal questions thus determined by the appel-
> late court will not be differently determined on a
> subsequent appeal in the same case where the
> facts remain the same. [*Allen v Michigan Bell
> Telephone Co*, 61 Mich App 62, 65; 232 NW2d 302,
> lv den 395 Mich 793 (1975).]

The only issue raised in defendant's previous
application was whether she should have had an
appeal as of right; no substantive challenge to the
award of exemplary damages was presented. Be-
cause this Court did not previously decide the
issue of the propriety of the jury instructions on
the merits, the doctrine of the law of the case does
not preclude defendant's appeal.

Plaintiff also claims this appeal is barred by
MCR 7.205(F), which in part states:

> If an application for leave to appeal in a civil
> action is filed more than 18 months after entry of
> the order or judgment on the merits, leave to
> appeal may not be granted.

Plaintiff claims that, in actuality, defendant's ap-
peal from the December 8, 1986, order denying her
motion for relief from the judgment is a second
attempt at a delayed appeal from the June 5, 1985,
judgment. We disagree. Defendant's appeal is from
the order denying her motion for relief from the
judgment, and since the appeal was brought well
within eighteen months of the order, the appeal is
timely. Plaintiff also alleges that the motion for
relief from the judgment was not brought in the
trial court within a "reasonable time," as required
by MCR 2.612(C)(2). Although the motion was
made fifteen months after the judgment, we feel
that under the circumstances this was a reason-

able time, as defendant did raise this issue in its application for leave to appeal with this Court on January 17, 1986, seven months after the judgment.

Having determined that defendant is not precluded from raising this issue, we now address the merits. Defendant filed her motion for relief from the judgment pursuant to MCR 2.612(C)(1)(f). MCR 2.612(C)(1)(f) states:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> * * *
>
> (f) Any other reason justifying relief from the operation of the judgment.

The requirements which must be fulfilled for relief under GCR 1963, 528.3, the predecessor of MCR 2.612(C), were succinctly stated in *Lark v The Detroit Edison Co,* 99 Mich App 280, 284; 297 NW2d 653 (1980), lv den 410 Mich 906 (1981):

> [E]ach case must be examined on its facts to determine whether this extraordinary relief is necessary. Three requirements must be satisfied: (i) the reason for setting aside the judgment must not fall under subrules [a] through [e], (ii) the substantial rights of the opposing party must not be detrimentally affected if the [judgment] is set aside, and (iii) extraordinary circumstances must exist which mandate setting aside the judgment in order to achieve justice.

The trial court's decision on a motion for relief from a judgment pursuant to MCR 2.612(C) is discretionary and will not be disturbed on appeal absent a clear showing of an abuse of discretion.

*Lark, supra,* p 282. We feel that the trial court did abuse its discretion, as exemplary damages were not proper under the circumstances of this case and their imposition enabled plaintiff to receive a double recovery. Initially, we note that defendant did not object to the instruction on exemplary damages. Failure to make a timely and specific objection to jury instructions precludes appellate review unless manifest injustice would result. Manifest injustice results where the defect in instruction is of such magnitude as to constitute plain error, requiring a new trial, or where it pertains to a basic and controlling issue in the case. *Joba Construction Co, Inc v Burns & Roe, Inc,* 121 Mich App 615, 639; 329 NW2d 760 (1982). We feel that manifest injustice would result if plaintiff's award of exemplary damages is not vacated.

Although a plaintiff's status as a corporation does not preclude it from receiving exemplary damages, exemplary damages will not be awarded to compensate a purely pecuniary grievance susceptible to full and definite monetary compensation. *Joba Construction, supra,* pp 642-643. Exemplary (formerly punitive) damages are compensation for injury to feelings. *Veselenak v Smith,* 414 Mich 567, 572-573; 327 NW2d 261 (1982). They are awardable where the defendant commits a voluntary act which inspires feelings of humiliation, outrage, and indignity. The conduct must be malicious or so wilful and wanton as to demonstrate a reckless disregard of the plaintiff's rights. *Id.,* p 574. The purpose of exemplary damages is not to punish the defendant, but to render the plaintiff whole. When compensatory damages can make the injured party whole, exemplary damages must not be awarded. *Hayes-Albion Corp v Kuberski,* 421 Mich 170, 187; 364 NW2d 609 (1984), reh den 421

Mich 1202 (1985). In the instant case, plaintiff requested $19,817.25, which was the amount unpaid on defendant's account. The jury awarded this amount. This amount was plaintiff's pecuniary, economic damages. Because $19,817.25 made plaintiff whole, an additional amount for exemplary damages is not allowed by law. Plaintiff has not alleged that its feelings were hurt by a malicious, wilful, and wanton act of defendant. Thus, exemplary damages are unwarranted. Further, the trial court erred when it stated at the hearing on defendant's motion for relief from the judgment that the purpose of exemplary damages is to make an example of the defendant, and to deter others. The Michigan Supreme Court has clearly held that the purpose of exemplary damages is to compensate for injury to feelings. *Veselenak, supra,* p 573.

Therefore, we vacate the award of exemplary damages in the amount of $17,880, and remand for entry of judgment based upon the compensatory damages which the jury determined that plaintiff had sustained.