ZEER v ZEER

Docket No. 105572. Submitted April 13, 1989, at Lansing. Decided
    August 21, 1989.

Plaintiff, Nadia Zeer, was divorced from defendant, Hikmat
    Meaka Zeer, in a judgment dated July 16, 1986. The Oakland
    Circuit Court, Robert L. Templin, J., later ordered the property
    division provisions of the judgment to be modified to defen-
    dant's detriment. Defendant appealed.

The Court of Appeals *held:*

The only provision for modifying a judgment which would
    have applied to allow the modification in question was the
    provision contained in MCR 2.612(C)(1)(f) which allows relief
    from judgment for any reason not specifically enumerated
    which would justify such relief. That rule only applies in cases
    where the substantial rights of the other party are not detri-
    mentally affected. Since the modification was substantially
    detrimental to defendant's rights, the court erred in granting
    the modification.

Reversed

WEAVER, J., dissented. She would hold that defendant's con-
    duct, specifically his inexcusable delay, deceit, and general
    uncooperativeness in complying with the court's judgment,
    occasioned the necessity for modification and, since no other
    party's rights are affected, the court's modification of the judg-
    ment was proper. She would affirm.

JUDGMENTS — RELIEF FROM JUDGMENT — MODIFICATION OF JUDG-
    MENTS — DIVORCE — DIVISION OF PROPERTY — COURT RULES.

A party to a divorce may seek relief from the terms of the
    property division provisions of the judgment under MCR
    2.612(C); to obtain relief under the provision for relief for any
    other reason not enumerated which would justify it, the sub-
    stantial rights of the opposing party may not be detrimentally
    affected thereby (MCR 2.612[C][1][f]).

REFERENCES

Am Jur 2d, Divorce and Separation §§ 426, 958.
See the Index to Annotations under Divorce and Separation; Prop-
    erty Settlement.

*Michael S. Friedman,* for plaintiff.

*Lawrence Schultz,* for defendant.

Before: BEASLEY, P.J., and WEAVER and CAV-
ANAGH, JJ.

BEASLEY, P.J. Defendant, Hikmat Meaka Zeer,
appeals as of right from an order dated December
9, 1987, modifying the property settlement provi-
sions of his 1986 divorce.

The parties were divorced in a default judgment
dated July 16, 1986. With respect to property
settlement, the judgment, inter alia, awarded the
marital residence to plaintiff, Nadia Zeer, and
provided that

> at such time as the Plaintiff shall sell the marital
> residence then, after first deducting reasonable
> and necessary costs of sale, the Plaintiff shall be
> entitled to keep any sums so realized up to the
> amount of THREE HUNDRED SIXTY FIVE THOUSAND
> AND 00/100 ($365,000.00) DOLLARS. Any net sums
> realized from the sale of said residence in excess of
> $365,000.00 shall be divided equally between the
> Plaintiff and the Defendant at the time the sale is
> consummated.

Defendant was ordered to pay the taxes on the
property and "to pay and hold the Plaintiff harm-
less from any liability for any encumbrances
against" the residence.

During the ensuing months, defendant fell in
arrears on his payment of alimony and child sup-
port per the terms of the divorce judgment. Ac-
cordingly, on November 10, 1986, the court, on
plaintiff's motion, appointed a receiver to carry out
the sale of certain real property that had been

awarded to defendant under the divorce judgment, the proceeds to be applied to the arrearages.

On January 14, 1987, the court suspended the receivership conditioned upon defendant's tendering the money owed to plaintiff before May 3, 1987. The court further ordered that

> the Defendant shall completely discharge any lien existing on the former marital residence in favor of Michigan National Bank or its assignee, and the Defendant shall at the time of closing on the sale of any of his business interests make a substantial payment to reduce the principal owing to Michigan National Bank as described in the Judgment of Divorce in the event of his enability [sic] to fully pay and discharge said obligation.

Defendant subsequently sold a parcel of land awarded to him under the terms of the divorce judgment for the sum of $1.25 million. Nevertheless, defendant apparently failed to thereupon pay off the mortgage on the marital residence. In response, plaintiff moved to amend the divorce judgment so as to delete that portion of the property settlement entitling defendant to receive one-half of any net proceeds arising from the sale of the marital residence in excess of $365,000. The trial court granted the motion by an order dated December 9, 1987.

On appeal, defendant argues that the trial court erred in ordering modification. We agree. Property settlement provisions of a divorce judgment, unlike alimony or child support provisions, are final and, as a general rule, cannot be modified.[1] However, as with all final judgments, a party may seek relief from the property settlement provisions of a

---

[1] *Colestock v Colestock*, 135 Mich App 393, 397; 354 NW2d 354 (1984); *Bers v Bers*, 161 Mich App 457, 463; 411 NW2d 732 (1987).

divorce judgment under MCR 2.612(C).[2] That sub-rule provides, in pertinent part, as follows:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
> (a) Mistake, inadvertence, surprise, or excusable neglect.
> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).
> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
> (d) The judgment is void.
> (e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.
> (f) Any other reason justifying relief from the operation of the judgment.

The only basis for relief under the rule which could be argued as being applicable to the within case is that set forth in subrule (f). But, that section may be applied only where defendant's substantial rights will not thereby be detrimentally affected.[3] Here, defendant's substantial rights in the excess proceeds on sale of the marital residence were clearly quite detrimentally affected by the modification. Accordingly, relief from the property settlement provisions of the divorce judgment was not warranted on the basis of MCR 2.612(C), and the general rule of nonmodifiability stands. In so ruling, we would point out that this does not mean that plaintiff is precluded from

[2] *Colestock, supra,* p 398.

[3] *Jackson Printing Co, Inc v Mitan,* 169 Mich App 334, 340; 425 NW2d 791 (1988).

setting off against any amount that might become payable to defendant after sale of the marital premises amounts owed by defendant to plaintiff by virtue of the divorce judgment.

By reason of the foregoing, the trial court erred in modifying the property settlement provisions of the divorce judgment.

Reversed.

CAVANAGH, J., concurred.

WEAVER, J. *(dissenting)*. I dissent. I believe that the trial court's order modifying the property settlement provisions of the parties' 1986 divorce judgment should be affirmed.

A review of the record in this case indicates that the defendant himself, by his inexcusable delay, deceit, and general uncooperativeness in complying with the original divorce judgment, occasioned the necessity for modification. Defendant's conduct was sufficient to trigger the "extraordinary circumstances" test for relief under MCR 2.612(C)(1)(f), "any other reason justifying relief from the operation of the judgment." This provision empowers the trial court to vacate judgments whenever extraordinary circumstances make it necessary to achieve justice and the substantial rights of other parties in the matter in controversy are not affected. *Kaleal v Kaleal,* 73 Mich App 181, 189; 250 NW2d 799 (1977), citing 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 189.

Such extraordinary circumstances existed in this case, and there are no other parties in the matter in controversy whose rights will be affected. In the original divorce judgment dated July 16, 1986, defendant had been ordered to pay $80,000 to plaintiff on or before October 20, 1986, and "to pay

and to hold plaintiff harmless from any liability for any encumbrances against the marital residence so that plaintiff would own same free and clear of any such encumbrances or liens." The record clearly shows that it was defendant's failure to meet these obligations which resulted in plaintiff's motion to appoint a receiver to administer the sale of defendant's parcel of Macomb County real estate, which motion the trial court granted in its November 10, 1986, order.

It further appears that plaintiff tried to work cooperatively with defendant to aid him in meeting his obligations, but that defendant persisted in vexatious and gamesmanlike fashion to continue his delays. Plaintiff's cooperative attitude resulted in the trial court's subsequent suspension of receivership on two specific conditions: (1) that defendant pay to plaintiff $40,000 by May 3, 1987, and (2) that defendant "*completely discharge any lien existing on the former marital residence* in favor of the Michigan National Bank" *and, upon the sale of any of defendant's business interests,* "*make a substantial payment to reduce the principal* owing to Michigan National bank . . . *in the event of his enability* [sic] *to fully pay and discharge said obligation.*" (Emphasis added.)

In spite of plaintiff's efforts to cooperate with defendant so that he could more easily meet his obligations, defendant continued to further delay. Defendant did not pay the $40,000 by May 3, 1987, thereby causing plaintiff to request reinstatement of the receivership. Plaintiff's motion was rescheduled five times but the hearing never occurred. It was only after plaintiff's considerable efforts to accommodate defendant that plaintiff finally petitioned the court to modify the order regarding receivership and judgment of divorce, which matter was heard on December 9, 1987.

By the time of the hearing on December 9, 1987, plaintiff had finally paid the $80,000 which he had originally been ordered to pay by October 20, 1986, more than one year earlier. In the meantime, however, defendant had sold one of his business interests—approximately eight out of twenty acres of real estate—for one million two hundred fifty thousand dollars. From this sale defendant received $300,000 cash, with the balance to be paid in annual installments over the next three years.

Upon the sale of this property, defendant was in possession of the $300,000 needed to pay off plaintiff's mortgage, which amount he was obligated to pay under the terms of both the original divorce judgment and the order suspending receivership. However, defendant persisted in his pattern of evasion and failure to pay, this time asserting that he did not know when or if he could pay off the mortgage, and that he was only obligated to make a "substantial payment." By the time the matter was heard on December 9, 1987, defendant had apparently become so confident in his evasive conduct that his lawyer even asserted that there was "no such thing as [defendant's] agreement to remove the mortgage," only "an agreement to make a substantial payment."

On these facts, it seems inconceivable that the trial court was impotent to further invoke its equitable powers by entering a modification order. In my view, defendant's conduct qualified as "extraordinary circumstances" meriting relief under MCR 2.612(C)(1)(f). The trial court was empowered to hear the motion if it was made within a reasonable time. MCR 2.612(C)(2). The facts of this case show that the motion was brought within a reasonable time.

The trial court acted properly within its powers. I would affirm the trial court's fair and equitable modification of the divorce judgment.