KIRCOS v HOLIDAY FOOD CENTER, INC

Docket Nos. 125681, 125682. Submitted February 14, 1991, at Detroit. Decided September 3, 1991, at 9:00 A.M. Leave to appeal sought.

John Kircos brought an action in the Wayne Circuit Court against Holiday Food Center, Inc., and John Morrell & Co., seeking damages, and alleging negligence and breach of warranties, as a result of contracting trichinosis following consumption of pork purchased from Holiday, which in turn bought the pork from Morrell. The court, Maureen P. Reilly, J., granted summary disposition for the defendants on the ground that they owed no duty to inspect or treat fresh pork for the destruction of trichinae spiralis. The Court of Appeals, V. J. BRENNAN, P.J., and CYNAR and C. W. SIMON, JR., JJ., affirmed. 140 Mich App 616 (1985). The Supreme Court, in lieu of granting leave to appeal, reversed the judgments of the circuit court and the Court of Appeals and remanded to the circuit court. 424 Mich 487 (1986). On remand, the circuit court, Thomas J. Foley, J., granted Morrell summary disposition, finding that the action was preempted by federal law, and dismissed Holiday's cross-claim against Morrell. The plaintiff appealed the grant of summary disposition for Morrell, and Holiday appealed the dismissal of its cross-claim. The appeals were consolidated.

The Court of Appeals *held:*

1. The law-of-the-case doctrine does not apply to the preemption issue raised by the plaintiff because the issue was not addressed or decided by either the Court of Appeals or the Supreme Court.

2. The trial court properly applied the preemption doctrine. Preemption is compelled because the requirements of the applicable Michigan statutes are different than the federal. While trichinae-infected pork is "adulterated" food under state law, MCL 289.707, 289.716(a)(5); MSA 12.933(7), 12.933(16)(a)(5), it is

REFERENCES

Am Jur 2d, Food §§ 2, 10, 21, 22, 35, 36; Products Liability §§ 226, 305, 391, 497, 674.

Liability of packer, foodstore, or restaurant for causing trichinosis. 96 ALR3d 451.

.

not "adulterated" under federal, 9 CFR 318.10(a)(1), 21 USC 601(m), 678.

3. Because federal law provides that there is no duty to inspect or treat fresh pork for trichinae, the plaintiff's warranty claims, based on assertions of unreasonable risk, must fail.

4. Where the federal government has preempted a state regulation there can be no recovery under state tort law. The applicable federal statutes prohibit labeling requirements in addition to, or different from, those required under the federal scheme. Therefore, the defendants did not breach a duty to warn the public in general, and the plaintiff in particular, that pork must be thoroughly cooked.

5. Because federal law provides no liability with regard to Morrell, Holiday's cross-claim is moot.

Affirmed.

1. CONFLICT OF LAWS — PREEMPTION — FEDERAL LAW — STATE LAW.

Federal law may preempt state law by explicitly defining the extent to which it intends to preempt state law or by indicating an intent to occupy an entire field of regulation, or to the extent that the state law actually conflicts with federal law; such conflict exists when it is impossible to comply with both state and federal law, or where state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress.

2. CONFLICT OF LAWS — PREEMPTION — FEDERAL REGULATIONS — FEDERAL STATUTES — STATE LAW.

Federal regulations have no less preemptive effect than federal statutes, provided that they are reasonable exercises of an agency's duly authorized discretion and are not in conflict with congressional intent.

3. CONFLICT OF LAWS — PREEMPTION — FEDERAL MEAT INSPECTION ACT.

The Federal Meat Inspection Act specifically expresses Congress' intent that the act and its regulations, in specified areas, have preemptive force over state law (21 USC 678).

4. CONFLICT OF LAWS — PREEMPTION — FOOD — PORK.

The Michigan statutes prohibiting the sale of trichinae-infected pork on the basis that such pork is "adulterated" meat are preempted by the federal law and regulations that permit the sale of fresh pork without treatment for the destruction of trichinae and do not consider meat infected with trichinae to

be "adulterated" (9 CFR 318.10[a][1]; 21 USC 601[m], 678; MCL 289.707, 289.716[a][5]; MSA 12.933[7], 12.933[16][a][5]).

5. CONFLICT OF LAWS — PREEMPTION — TORTS.
    There can be no recovery under state tort law where the federal government has preempted state regulation.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Denise L. Mitcham* and *Barbara Robinson*), for the plaintiff.

*Honigman Miller Schwartz & Cohn* (by *Antoinette R. Raheem*), for John Morrell & Co.

*Hibbs, Welch & MacAlpine, P.C.* (by *Robert F. MacAlpine* and *Thaddeus Dombrowski*), for Holiday Food Center, Inc.

Before: MACKENZIE, P.J., and GRIBBS and GRIFFIN, JJ.

GRIBBS, J. Plaintiff, John Kircos, appeals as of right from the circuit court's grant of defendant John Morrell & Co.'s motion for summary disposition. Defendant Holiday Food Center, Inc., appeals from the circuit court's dismissal of its cross-claim against Morrell. We affirm in both cases.

At a Fourth of July barbecue in 1981, plaintiff consumed pork that was purchased from defendant Holiday Food Center. Plaintiff contracted trichinosis after eating the pork. Defendant Holiday contends that it bought the pork from defendant meat packer Morrell, which processes meat for interstate commerce.

Plaintiff brought suit alleging negligence and breach of warranties. The circuit court granted summary disposition on the ground that the sellers owed no duty to inspect or treat fresh pork for the destruction of trichinae spiralis. This Court affirmed the trial court's decision. *Kircos v Holi-*

*day Food Center, Inc,* 140 Mich App 616; 364 NW2d 764 (1985). The Michigan Supreme Court reversed and remanded to the circuit court for further proceedings, 424 Mich 487; 381 NW2d 404 (1986). Our Supreme Court noted that both this Court and the trial court "placed substantial reliance" on statements made fifty years ago in *Cheli v Cudahy Bros Co,* 267 Mich 690; 255 NW 414 (1934), in concluding that there was no duty to sell trichinosis-free pork. Our Supreme Court ruled that the 1934 information "may be dated" and remanded to afford plaintiff an opportunity to demonstrate current scientific and technological facts with regard to the matter. 424 Mich 492.

On remand, Morrell again moved for summary disposition, arguing that plaintiff's action was preempted by the Federal Meat Inspection Act, as amended by the Wholesome Meat Act, 21 USC 601-695 (FMIA), and its regulations. The trial court granted Morrell's motion. Plaintiff now appeals from that decision.

First, plaintiff contends that this matter is controlled by the law-of-the-case doctrine. We do not agree. While apparently raised in the prior appeal, the preemption issue was not addressed or decided by either this Court or the Supreme Court. All of the previous written decisions in this matter are silent with regard to the question of preemption. Because the issue was not previously decided, the law-of-the-case doctrine does not apply. *Jackson Printing Co, Inc v Mitan,* 169 Mich App 334, 339; 425 NW2d 791 (1988).

Next, plaintiff argues that the trial court erred in applying the preemption doctrine. Federal law may preempt state law in any of three ways. *Michigan Canners & Freezers Ass'n, Inc v Agricultural Marketing & Bargaining Bd,* 467 US 461, 469; 104 S Ct 2518; 81 L Ed 2d 399 (1984). Con-

gress may, as here, explicitly define the extent to which it intends to preempt state law. The FMIA contains a specific provision expressing Congress' intent that the statute and its regulations, in specified areas, have preemptive force over state law. The provision states:

> Requirements within the scope of this chapter with respect to . . . any establishment at which inspection is provided . . . which are *in addition to, or different than* those made under this chapter may not be imposed by any State . . . . Marking, labeling, packaging, or ingredient requirements *in addition to, or different than,* those made under this chapter may not be imposed by any State . . . but any State . . . may, *consistent with the requirements under this chapter,* exercise *concurrent jurisdiction* . . . for the purpose of preventing the distribution for human food purposes of any such articles which are *adulterated* . . . and are outside of such an establishment . . . . [21 USC 678. Emphasis added.]

When state law "actually conflicts" with federal law, preemption is also compelled. *Michigan Canners, supra* at 469. Such conflict exists when it is impossible to comply with both state and federal law, or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress. *Grocery Mfrs of America, Inc v Gerace,* 755 F2d 993, 999 (CA 2, 1985), aff'd 474 US 801 (1985). State requirements must be consistent with the federal act. *Armour & Co v Ball,* 468 F2d 76, 84 (CA 6, 1972), cert den 411 US 981 (1973).

Moreover, preemption is compelled not only when the conflict involves a federal statute, but also when it involves valid federal regulations. Provided that they are reasonable exercises of an agency's duly authorized discretion and not in

conflict with congressional intent, federal regulations have no less preemptive effect than federal statutes. *Fidelity Federal Savings & Loan Ass'n v de la Cuesta,* 458 US 141, 153; 102 S Ct 3014; 73 L Ed 2d 664 (1982).

In this case, the applicable federal regulations specifically permit the sale of fresh pork without treatment for the destruction of trichinae. 9 CFR 318.10(a)(1). Meat infected with trichinae is not "adulterated" under federal law, and it can be labeled "inspected and passed." 21 USC 601(m), 606.

Under Michigan law, however, meat from an animal "fed upon uncooked garbage or uncooked offal from a slaughterhouse" is "adulterated" and sale of such meat is prohibited. MCL 289.707, 289.716(a)(5); MSA 12.933(7), 12.933(16)(a)(5). Because trichinae are generally introduced into the human food chain when swine eat uncooked slops, the Michigan statute is clearly intended to include trichinae-infected pork.

Because the requirements of the Michigan statute are "different than" those under the federal scheme, preemption is compelled. Although Michigan has concurrent jurisdiction for the purposes of preventing the distribution of "adulterated" food, trichinae-infected pork is not "adulterated" under the federal act. 21 USC 678. Accordingly, we find that MCL 289.716(a)(5); MSA 12.933(16)(a)(5) cannot be enforced against either defendant.

Because the federal statutory scheme provides that there is no duty to inspect or treat fresh pork for trichinae, plaintiff's warranty claims, which are based on assertions of unreasonable risk, must fail as well.

Plaintiff also alleges that defendants breached their duty to warn the public in general, and plaintiff in particular, that pork must be thor-

oughly cooked. We do not agree. Although not dispositive, we find *Meat Trade Institute, Inc v McLaughlin,* 37 AD2d 456; 326 NYS2d 683 (1971), instructive with regard to this issue. *McLaughlin* involved a New York City Health Code requirement that raw pork be labeled to indicate that it must be heated to a temperature of not less than 140 degrees Fahrenheit to prevent trichinosis. Noting that the federal act specifically prohibits labeling requirements "in addition to, or different than" those in the FMIA, the New York Supreme Court found the warning label requirement preempted by federal law. 21 USC 678. The New York court found that, under the act, the United States Secretary of Agriculture has exclusive jurisdiction of the labeling requirements of meat products produced in federally inspected meat-packing plants, and ruled that "the city may not obtrude itself into this area of activity, however well-intentioned." 37 AD2d 458. As a practical matter, a requirement that packers and retailers warn the public about trichinosis would involve some manner of labeling. In addition, it is implicit in the language of 9 CFR 318.10 that the public in general is assumed to know that pork must be thoroughly cooked. Where the federal government has preempted any state regulation there can be no recovery in tort. Allowing recovery under the state tort law where Congress has preempted state law would effectively authorize the state to do through the back door exactly what it cannot do through the front. *Fitzgerald v Mallinckrodt, Inc,* 681 F Supp 404, 407 (ED MI, 1987). Also see *Palmer v Liggett Group, Inc,* 825 F2d 620 (CA 1, 1987), and *Papas v Upjohn Co,* 926 F2d 1019 (CA 11, 1991). Cf. *Ferebee v Chevron Chemical Co,* 237 US App DC 164; 736 F2d 1529 (1984), cert den 469 US 1062 (1984).

In light of our decision that federal law provides no liability with regard to defendant Morrell, defendant Holiday's cross-claim is rendered moot.

The circuit court's dismissal of plaintiff's action is affirmed.