*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZAINAB HANS,

      Plaintiff-Appellant,

v

AHSAN HANS,

      Defendant-Appellee,

and

EISENBERG & SPILMAN, PLLC, and HOWARD
I. WALLACH,

      Other Parties.

UNPUBLISHED
July 7, 2022

Nos. 355468; 356936
Oakland Circuit Court
LC No. 2016-842481-DM

## ON RECONSIDERATION

Before: RICK, P.J., and MURRAY and SHAPIRO, JJ.

MURRAY, J., (*dissenting*).

For the reasons outlined in the original opinion in this matter, *Hans v Hans*, unpublished opinion per curiam of the Court of Appeals, issued March 31, 2022 (Docket No. 356936), I would affirm the trial court's order. Additionally, I would note that even if the majority is correct that the September 16, 2019, order allocated the debt pay-offs differently than contained in the original judgment of divorce, the court was empowered to do so given the changed circumstances. The limited issue raised by plaintiff on appeal cannot be reviewed in isolation, as the complexity of the debt problems between the parties and the availability of limited resources (and when those resources were available) cannot be overstated. Indeed, the equitable allocation of limited resources to pay off the large marital debt was complicated from the start and became more so when the homes sold in an order different than anticipated, and plaintiff failed to make payments on certain debts that were in defendant's name. No one provision could be enforced in isolation, as the debt that needed to be paid and the resources to pay it off were moving targets after judgment

-1-

was entered.  This juggling act performed by the trial court is no easy one, and it exercised the appropriate discretion in molding subsequent orders to address the changed circumstances.

Although "[p]roperty settlement provisions of a divorce judgment, unlike alimony or child support provisions, are final and, as a general rule, cannot be modified[,]" *Zeer v Zeer*, 179 Mich App 622, 624; 446 NW2d 328 (1989), the parties, the court, and the arbitrator knew all along that the need for flexibility was paramount, and the law allows the court to fill in gaps to judgments of divorce.[1]  *Andrusz v Andrusz*, 320 Mich App 445, 452; 904 NW2d 636 (2017).  The trial court exercised that flexibility, and the result was not inequitable under all the circumstances.  I would affirm.


/s/ Christopher M. Murray

---

[1] Proof of that is that the arbitrator had to issue at least 10 opinions, and the trial court decided countless motions, mostly post-judgment.  Neither party seemed willing to live with any decision, and despite the limited resources available, both seemed willing to incur more debt to endlessly litigate this matter.  The record discussed in the briefs regarding the many orders entered after this September 16, 2019, order both confirms that fact and shows that this legal battle is over funds that neither party has and just further exacerbates the debt problems of the parties.