*473
 
 Cavanagh, P.J.
 

 Plaintiff Rodney Heugel appeals by leave granted the trial court order setting aside the property settlement and spousal support provisions of the parties’ 1994 judgment of divorce. We affirm.
 

 Plaintiff and defendant Katherine Heugel were married on September 26, 1980. The parties had a daughter the following year. The couple subsequently purchased a home by borrowing money from defendant’s parents.
 

 On June 4, 1993, plaintiff filed for divorce. In August 1993, plaintiff moved out of the marital home, and for several months the parties’ only contact was by telephone. Around January 1994, plaintiff and defendant began seeing each other again. Defendant testified that they would have dinner together and discuss reconciling. At some point, the parties resumed intimate relations.
 

 Although the parties’ renewed relationship appeared to be going well, they nevertheless proceeded with the divorce. Defendant testified that plaintiff told her they needed more time and could always get remarried. Plaintiff also said that they had wasted too much money on attorney fees, so they went to plaintiff’s attorney to work out a property settlement. The parties presented the property settlement to the trial court, which refused to enter the judgment of divorce until defendant had consulted her own attorney. Although defendant’s attorney advised her against accepting the proposed property settlement, she did not heed his recommendation. The judgment of divorce was subsequently entered on June 27, 1994.
 

 The judgment of divorce provided that, in addition to various items of personal property, defendant
 
 *474
 
 would receive a lump sum payment of $50,000 as spousal support. Defendant received no other spousal support and no interest in plaintiffs pension. The marital home went to plaintiff; defendant was required to leave the residence by August 1, 1994.
 

 Despite the provisions of the judgment of divorce, defendant never moved out of the marital home. In November 1994, plaintiff moved back in with defendant and their daughter. In April 1995, the couple filed a notice of reconciliation with the friend of the court so that child support payments would no longer be withheld from plaintiffs paycheck. Plaintiff, defendant, and their daughter lived together as a family in the marital home for more than two years. During this period, plaintiff and defendant took trips together, commingled funds, and celebrated their wedding anniversaries. In addition, plaintiff prepared a deed adding defendant’s name as an owner of the house.
 

 Plaintiff had been making double payments to defendant’s parents on the loan for the house. In November 1996, the loan was paid off in its entirety. Around this time, defendant began to suspect that her relationship with plaintiff was not as sound as she had believed. Defendant testified that on December 30, 1996, the parties had an argument in which plaintiff called her “stupid” and “naive” and said that she “believe[d] everything.” Plaintiff also told her that he had destroyed all the copies of the new deed. In January 1997, plaintiff informed defendant that he expected the money he had given her over the preceding two years to be offset against the $50,000 in spousal support that she was entitled to under the judgment of divorce.
 

 
 *475
 
 On January 17, 1997, plaintiff filed a motion to enforce the judgment of divorce, requesting that defendant vacate the marital home and that plaintiff’s payment of certain personal and household expenses be credited against the $50,000 in spousal support that he owed her. In response, defendant filed a motion for exclusive use of the parties’ marital home, child support, and a personal protection order, which the trial court granted pending the outcome of an evidentiary hearing. On April 3, 1997, defendant filed a motion to set aside the property settlement and spousal support provisions of the judgment of divorce. The trial court held an evidentiary hearing on July 16, 1997.
 

 Defendant testified that she never would have agreed to the property settlement if she had not believed that she and plaintiff were going to remarry. Plaintiff told her to “[l]et it go as it was, [they] could always fix it later.” Defendant stated that she signed the judgment against the. advice of her attorney and her parents, but explained that she had “wanted to get back with [plaintiff] more than anything.”
 

 In addition, defendant testified that plaintiff had told her that the reason for getting the child support payments stopped was so that he could make double payments to her parents to get the loan for the house paid off faster. Furthermore, plaintiff informed defendant that he had paid off her car, although she had not asked him to, in order “to whittle down [the] $50,000.00” so that she would receive a minimal sum of money.
 

 Defendant entered into evidence an undated, handwritten love letter that plaintiff wrote to her. In the letter, plaintiff stated that he loved defendant, he
 
 *476
 
 “wanted to spend the rest of [his] life taking care of [her],” and he wanted “to plan and build a future together.” Defendant testified that plaintiff gave her the letter in November 1994, approximately two weeks before he moved back into the marital home. In addition, defendant entered into evidence a ledger that she had found in the marital home. In the ledger, plaintiff had recorded each instance in which he had spent money for defendant’s benefit.
 

 Defendant testified that she has undergone thirteen spinal surgeries, beginning when she was fourteen. Because of her physical condition, she is unable to work and receives social security disability benefits for herself and her daughter.
 

 Plaintiff testified that he never had any intention of remarrying defendant, but maintained that he had not deceived her about his plans. He had never talked with defendant about resuming their relationship as husband and wife. After the divorce was final, he would regularly ask defendant to leave the marital home, but she always refused. Plaintiff stated that he had moved back in the marital home solely for his daughter’s benefit.
 

 Plaintiff admitted that he wrote the love letter presented by defendant, but asserted that it had been written long before November 1994. Plaintiff explained that he had kept the ledger because he knew that he was not going to remarry defendant and he wanted to protect his assets.
 

 Plaintiff acknowledged that he had prepared the deed adding defendant’s name to the house, but explained that he had merely wanted to make sure that his daughter was provided for if anything happened to him. Plaintiff had subsequently consulted an
 
 *477
 
 attorney, who told him that he should instead establish a trust for his daughter’s benefit. Accordingly, plaintiff never gave defendant the original of the deed and never recorded it. Plaintiff claimed that he told defendant at the time that, pursuant to the attorney’s advice, he did not intend to put her name on the house.
 

 In an opinion issued August 12, 1997, the trial court set aside the property settlement and spousal support provisions of the judgment of divorce. The court concluded that the spousal support provision was unconscionable. Although the $50,000 payment to defendant was labeled “spousal support,” in reality it appeared to be her share of the marital assets. Given defendant’s severe health problems, genuine spousal support was required. Furthermore, the court found that when defendant stipulated the entry of the judgment of divorce, plaintiff was promising that they would remarry, thus inducing defendant to believe that the entry of the judgment was an insignificant formality. In actuality, plaintiff never intended to remarry defendant, but he did not inform her of this fact until January 1997.
 

 The trial court concluded that these facts established that plaintiff perpetrated a fraud that justified partially setting aside the judgment of divorce under MCR 2.612(C)(1)(c) and tolled the one-year time limit for seeking relief set forth in MCR 2.612(C)(2). The trial court also found that the facts established “extraordinary circumstances” under MCR 2.612(C)(1)(f) that warranted setting aside the property settlement and spousal support provisions of the judgment of divorce. The order incorporating this opinion was entered on September 10, 1997. This
 
 *478
 
 Court subsequently granted plaintiffs motion for leave to appeal.
 

 i
 

 Plaintiff argues that the trial court erred in finding that extraordinary circumstances existed that justified setting aside the property settlement and spousal support provisions of the judgment of divorce under MCR 2.612(C)(1)(f). A trial court’s decision on a motion to set aside a prior judgment is discretionary and will not be reversed on appeal absent an abuse of discretion. See
 
 Redding v Redding,
 
 214 Mich App 639, 645; 543 NW2d 75 (1995).
 

 MCR 2.612(C)(1) provides:
 

 On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
 

 (a) Mistake, inadvertence, surprise, or excusable neglect.
 

 (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).
 

 (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
 

 (d) The judgment is void.
 

 (e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.
 

 (f) Any other reason justifying relief from the operation of the judgment.
 

 In order for relief to be granted under MCR 2.612(C)(1)(f), the following three requirements must be fulfilled: (1) the reason for setting aside the judgment must not fall under subsections a through e, (2)
 
 *479
 
 the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice.
 
 Altman v Nelson,
 
 197 Mich App 467, 478; 495 NW2d 826 (1992);
 
 McNeil v Caro Community Hosp,
 
 167 Mich App 492, 497; 423 NW2d 241 (1988). Generally, relief is granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered.
 
 Altman, supra; McNeil, supra.
 

 In concluding that extraordinary circumstances that mandate setting aside the judgment exist in the present case, the trial court relied on
 
 Kaleal v Kaleal,
 
 73 Mich App 181; 250 NW2d 799 (1977). In
 
 Kaleal,
 
 this Court upheld the trial court’s modification of an alimony provision in a divorce judgment. The husband had assured his wife that the sole reason for the divorce was that his parents had offered him $2,000 to marry his cousin from overseas, thereby allowing his cousin and her siblings to come to this countiy. The defendant testified that her husband told her that the divorce would be temporary and, upon receipt of the $2,000, he would remarry her. In the divorce proceedings, the wife was not represented by counsel.
 
 Id.
 
 at 185-186. The judgment of divorce provided that no alimony would be paid to either party.
 
 Id.
 
 at 182.
 

 This Court concluded that the trial court did not err in granting the wife’s motion for partial relief from the judgment of divorce under GCR 1963, 528.3(6), the predecessor of MCR 2.612(C)(1)(f). In discussing the application of the court rule, the
 
 Kaleal
 
 panel explained:
 

 
 *480
 
 The exact parameters of this rule have never been delineated. Nor can they.be. The trial courts must be empowered to draw from their long experience, both with the particular case and from the bench, to determine whether any variables in the case warrant this extraordinary relief. We eschew any standard which would force [a] trial court[] to engage in frustrating semantic exercises to bring [its] particular case, which is crying for relief, within the purview of an inflexibly phrased rule.
 
 [Kaleal, supra
 
 at 189.]
 

 In concluding that extraordinary circumstances existed under the facts of that case, the
 
 Kaleal
 
 Court stated that “the lack of counsel occasioned by the husband’s conduct is a crucial and perhaps determinative factor.”
 
 Id.
 
 at 190. However, the panel also noted the courts’ duty to prevent overreaching between spouses. See
 
 id.
 

 Plaintiff contends that the present case is distinguishable from
 
 Kaleal
 
 because defendant was represented by counsel throughout the divorce proceedings. We agree with the trial court, however, that this fact does not take this case outside the reach of
 
 Kaleal.
 
 Although defendant had retained her own attorney, she did not benefit from his services because plaintiff induced her to ignore his advice.
 

 Plaintiff also asserts that the trial court abused its discretion in granting relief pursuant to MCR 2.612(C)(1)(f) because the trial court found that he had perpetrated a fraud, which is a basis for relief under subsection c. In order for relief to be granted under MCR 2.612(C)(1)(f), the reason for setting aside the judgment cannot fall under subsections a through e.
 
 Altman, supra; McNeil, supra.
 
 However, MCR 2.612(C)(1)(f), like its counterpart in the federal
 
 *481
 
 rules,
 
 [1]
 
 provides the court with “ ‘a grand reservoir of equitable power to do justice in a particular case’ and ‘vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.’ ”
 
 Eberhardt v Integrated Design & Constr, Inc,
 
 167 F3d 861, 872 (CA 4, 1999), quoting
 
 Compton v Alton SS Co,
 
 608 F2d 96, 106-107 (CA 4, 1979), quoting 7 Moore’s Federal Practice § 60.27(2), p 375. Accordingly, we believe that a trial court may properly grant relief from a judgment under MCR 2.612(C)(1)(f), even where one or more of the bases for setting aside a judgment under subsections a through e are present, when additional factors exist that persuade the court that injustice will result if the judgment is allowed to stand.
 

 In the present case, we agree with the trial court that plaintiff “abused the unique nature of the husband-wife relationship” to lead defendant to believe that the entry of the divorce judgment was an irrelevant formality.
 
 [2]
 
 Relief under subsection f is therefore proper because the judgment was obtained by plaintiff’s improper conduct. See
 
 Altman,
 
 supra;
 
 McNeil, supra.
 
 An additional factor justifying relief is that defendant requires spousal support because her physical condition prevents her from working. Accordingly, we conclude that the trial court did not abuse its discretion in finding that extraordinary circum
 
 *482
 
 stances exist that mandate partially setting aside the judgment of divorce. See
 
 Redding, supra.
 

 Moreover, relief under MCR 2.612(C)(1)(f) is warranted because plaintiff’s substantial rights are not detrimentally affected. Plaintiff had the right to an equitable distribution of the marital estate in light of all the circumstances. See
 
 Byington v Byington,
 
 224 Mich App 103, 114; 568 NW2d 141 (1997). The trial court concluded that the property settlement and spousal support provisions of the judgment of divorce were unconscionable. We cannot find that plaintiff’s substantial rights are detrimentally affected because he is not permitted to enforce an unconscionable agreement.
 
 [3]
 

 Plaintiff contends that, even if extraordinary circumstances exist that would otherwise justify setting aside the judgment in part under MCR 2.612(C)(1)(f), defendant has forfeited any right to relief because her motion was not timely. We disagree. Pursuant to MCR 2.612(C)(2), a motion for relief under MCR 2.612(C)(1)(f) must be made “within a reasonable
 
 *483
 
 time.” In the instant case, defendant moved to set aside the property settlement and spousal support provisions of the judgment of divorce approximately 2V2 months after plaintiff filed his motion to enforce the judgment. Under the circumstances of this case, we conclude that defendant’s motion for relief was made within a reasonable time.
 

 Because we find that the trial court properly granted defendant’s motion to set aside the property settlement and spousal support provisions of the judgment of divorce pursuant to MCR 2.612(C)(1)(f), we need not address plaintiff’s contention that defendant was not entitled to relief under MCR 2.612(C)(1)(c).
 

 n
 

 Next, plaintiff argues that defendant’s motion to set aside the property settlement and spousal support provisions of the judgment of divorce should have been dismissed because it failed to conform to MCR 2.119(A)(1)(b). Under MCR 2.119(A)(1)(b), a' party must state with particularity the grounds and authority on which the motion is based. Defendant’s motion merely stated, “This motion is based upon the files and records in said cause, and more particularly upon testimony and argument to be heard on April 23, 1997.” Plaintiff asserts that the motion did not comply with the court rule and that the trial court therefore erred in denying his motion to dismiss.
 

 We disagree. Dismissal is a drastic step that should be undertaken cautiously. Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper.
 
 *484
 

 Brenner v Kolk,
 
 226 Mich App 149, 163; 573 NW2d 65 (1997). Here, plaintiff has not claimed, either in the trial court or on appeal, that he suffered any prejudice as a result of defendant’s failure to comply with the court rule. Furthermore, it is clear that at the time of the hearing the parties knew precisely what was at issue. Cf.
 
 Quinto v Cross & Peters Co,
 
 451 Mich 358, 366; 547 NW2d 314 (1996). Accordingly, the trial court did not abuse its discretion in denying plaintiff’s motion to dismiss. See
 
 Vicencio v Ramirez,
 
 211 Mich App 501, 506; 536 NW2d 280 (1995).
 

 Affirmed.
 

 [1]
 

 Like MCR 2.612(C)(1)(f), FR Civ P 60(b)(6) allows a court to relieve a party from a final judgment for “any other reason justifying relief from the operation of the judgment.”
 

 [2]
 

 In his appellate brief, plaintiff maintains that the trial court’s findings are clearly erroneous. However, he has not raised this issue on appeal, no doubt recognizing the deference given by appellate courts to the trial court’s ability to judge the credibility of witnesses. See
 
 Fletcher v Fletcher,
 
 229 Mich App 19, 25; 581 NW2d 11 (1998).
 

 [3]
 

 Plaintiff, relying on
 
 Zeer v Zeer,
 
 179 Mich App 622; 446 NW2d 328 (1989), claims that setting aside the property settlement and spousal support provisions of the judgment of divorce does detrimentally affect his substantial rights. However, we find
 
 Zeer
 
 to be distinguishable from the instant case. In
 
 Zeer,
 
 the judgment of divorce provided that any amount in excess of $365,000 received from the sale of the marital residence would be divided equally between the parties. When the defendant fell in arrears on various payments required by the divorce judgment, the trial court granted the plaintiff’s motion to delete the provision in the property settlement entitling him to part of the proceeds from the sale of the marital home. This Court reversed, concluding that relief under MCR 2.612(C)(1)(f) was not warranted because the defendant’s substantial rights in the excess proceeds from the sale of the marital residence were detrimentally affected by the modification. See
 
 Zeer, supra
 
 at 625. In contrast to the present case, the trial court in
 
 Zeer
 
 did
 
 not
 
 find that the property settlement provisions of the divorce judgment were unconscionable or that they had been obtained by the defendant’s improper conduct.