# STATE OF MICHIGAN

# COURT OF APPEALS

JAY EDWARD,

      Plaintiff-Appellant,

v

AKIB A. ABIOLA and GERRITHA L. ABIOLA,

      Defendants-Appellees,

and

JOHN DOE and JPMORGAN CHASE BANK, N.A.,

      Defendants.

UNPUBLISHED
March 21, 2017

No. 330440
Oakland Circuit Court
LC No. 2013-135998-CK

Before: MARKEY, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order dismissing the default judgment against defendant. We affirm.

This case arises from a real estate transaction.[1] On January 28, 2013, defendants and plaintiff entered into a purchase agreement for defendants' property at 7548 Promontory Pointe, West Bloomfield, Michigan (the property). Both defendants and plaintiff signed the agreement, although the property was transferred solely to defendant Akib pursuant to the defendants' 2008 divorce settlement agreement. The transaction was a short sale of the property and required the third-party approval of defendants' mortgagee, JPMorgan Chase Bank. Closing was to take place on or before March 15, 2013.

---

[1] In plaintiff's brief, he states that he is only appealing the trial court's dismissal of the default judgment against defendant Gerritha Abiola. So, our discussion will focus mainly on the issues pertaining to Gerritha, and we will only mention defendant Akib Abiola's involvement as necessary.

-1-

On February 19, 2013, the property was flooded as a result of frozen pipes and suffered significant damage.  It is contested whether defendants informed plaintiff of this damage.  Regardless, for whatever reason, the closing did not take place by March 15.  On May 15, 2013, defendant Akib entered into an agreement with plaintiff to extend the closing date to June 15, 2013.  Chase Bank never approved the short sale, and the closing never took place.

On August 30, 2013, plaintiff filed a complaint against defendants Akib and Gerritha.  Plaintiff alleged that he had rightful title to the property and requested declaratory relief. He further alleged that defendants engaged in silent misrepresentation regarding the flooding damage and that defendants breached the parties' original contract.  Gerritha never responded to plaintiff's complaint, and a default was entered against her by the court clerk on October 29, 2013.

On January 21, 2015, Akib filed a motion for summary disposition pursuant to MCR 2.116(C)(10).  Plaintiff failed to present the trial court with any evidence that showed a genuine issue of material fact or provide any caselaw that supported his position.  As a result, the trial

court granted Akib's motion for summary disposition on February 17, 2015.[2]

On April 17, 2015, plaintiff filed a motion for default judgment against Gerritha for her failure to answer the complaint or defend the action, but he did not specify any amount that Gerritha owed. On May 1, 2015, the trial court granted plaintiff's motion for a default judgment. On June 3, 2015, plaintiff filed a motion for entry of judgment against Gerritha, alleging that damages incurred as a result of defendant's actions totaled $33,300. On June 8, 2015, the trial court denied that order because the parties were engaging in facilitation, and the court was hopeful that an amicable result would be reached. The parties failed to reach a resolution.

On July 1, 2015, Gerritha moved to dismiss the default judgment, alleging that plaintiff fraudulently obtained the judgment, that because she had no interest in the subject property, she could not be liable to plaintiff, and that plaintiff's claims were the same as those that he had brought against Akib and that had been decided on the merits and dismissed. On September 14, 2015, plaintiff filed a second motion to enter a judgment against Gerritha. On October 14, 2015, the trial court denied plaintiff's motion to enter a judgment and granted Gerritha's motion to dismiss the default judgment.

On appeal, plaintiff's sole argument is that the trial court erred by dismissing the default judgment against Gerritha. We disagree. "This Court reviews a trial court's ruling on a motion to set aside a default judgment for an abuse of discretion." *Brooks Williamson & Assoc, Inc v Mayflower Const Co*, 308 Mich App 18, 24; 863 NW2d 333 (2014). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016).

MCR 2.603(D) provides the guidelines for setting aside a default judgment and states in pertinent part as follows:

> (1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.
>
> (2) Except as provided in MCR 2.612, if personal service was made on the party against whom the default was taken, the default, and default judgment if one has been entered, may be set aside only if the motion is filed
>
> > (a) before entry of a default judgment, or
> >
> > (b) if a default judgment has been entered, within 21 days after the default judgment was entered.

---

[2] Plaintiff sought a delayed application for leave to appeal this decision, but this Court denied that appeal. *Edward v Abiola*, unpublished order of the Court of Appeals, issued September 2, 2015 (Docket No. 328524).

(3) In addition, the court may set aside a default and a default judgment in accordance with MCR 2.612.

Plaintiff correctly asserts that Gerritha failed to file her motion to dismiss the default judgment within the 21-day time period required by MCR 2.603(D)(2)(b) and that she failed to meet the good cause requirement of MCR 2.603(D)(1). But plaintiff's brief does not address MCR 2.603(D)(3), which provides that the trial court "may set aside . . . a default judgment in accordance with MCR 2.612."

MCR 2.612(C)(1) states that a court may relieve a party from a judgment on the following grounds:

 (a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

The trial court did not specify on which grounds it set aside the default judgment, but rather merely stated, "The default against Defendant Gerritha Abiola is dismissed as the claims against her have been determined to be without merit as to the Co-Defendant." Although Gerritha argued in her motion to dismiss the default judgment that the judgment was obtained by plaintiff's fraud, it appears that the trial court did not accept this argument. As such, the only ground that may have justified the trial court's decision to grant defendant Gerritha's motion was MCR 2.612(C)(1)(f).

Relief under MCR 2.612(C)(1)(f) may be granted only if the following three requirements are met:

"(1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice." [*King v McPherson Hosp*, 290 Mich App 299, 304; 810 NW2d 594 (2010), quoting *Heugel v Heugel*, 237 Mich App 471, 478-479; 603 NW2d 121 (1999).]

"Generally, relief is granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered." *Heugel*, 237 Mich App at 479.

The first requirement under MCR 2.612(C)(1)(f) is satisfied because Gerritha's motion does "not fall under subsections a through e." *King*, 290 Mich App at 304. With respect to the second requirement, we conclude that plaintiff's substantial rights were not affected by the trial court's decision. When the trial court granted the default judgment, plaintiff had not specified the amount Gerritha owed, and the trial court never entered an enforceable order regarding that amount. At most, the trial court's decision to dismiss the default judgment negatively affected plaintiff because it forced plaintiff to litigate the case on its merits rather than simply enforcing the default judgment. This does not rise to the level of detrimentally affecting plaintiff's substantial rights, so the second requirement is met.

In regard to the third requirement, we note that plaintiff was repeatedly informed that Gerritha did not have any interest in the property, yet he continued pursuing his claims against her, ostensibly because she signed the original buy-sell agreement. Plaintiff contended that Gerritha was liable to him for breach of the original contract, but he did not provide any evidence that she or her actions caused the contract to fail, most likely because that was not the case. Moreover, when the trial court granted summary disposition for Akib, plaintiff did not submit any evidence establishing a genuine issue of material fact regarding *any* claim he brought, nor did he submit caselaw supporting any of his positions. As a result, the trial court correctly dismissed plaintiff's claims against Akib as a matter of law. The claims that the trial court dismissed against Akib are the same claims that plaintiff now seeks to enforce against Gerritha because she was defaulted. As previously discussed, our court rule provides safeguards to preclude putting form over substance by giving the trial court discretion. *Heugel*, 237 Mich App at 479. Accordingly, the trial court did not abuse its discretion by finding that extraordinary circumstances existed in this case that mandated setting aside the default judgment under MCR 2.612(C)(1)(f).

We affirm. As the prevailing party, defendant may tax costs pursuant to MCR 7.219.

/s/ Jane E. Markey
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle