# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

K & M REAL ESTATE, LLC,

       Plaintiff-Appellee,

v

RUBLOFF DEVELOPMENT GROUP, INC., and
KM PORT HURON, LLC,

       Defendants-Appellants,

and

RUBY-07-PORT HURON, LLC, an assignee of
BMO HARRIS BANK, NA, formerly known as
M & I MARSHALL & ILSLEY BANK,

       Intervenor-Appellant,

and

JCF REAL ESTATE, LLC,

       Intervenor.

UNPUBLISHED
November 28, 2017

No.   333097
St. Clair Circuit Court
LC No.   11-002000-CK

Before:  JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

      Defendants, Rubloff Development Group, Inc. (Rubloff) and KM Port Huron LLC (KM Port Huron), as well as intervenor, Ruby-07-Port Huron, LLC (Ruby), appeal as of right the trial court's order denying their motion to enforce against plaintiff this Court's decision in *K & M*

-1-

*Real Estate, LLC v Rubloff Dev Group, Inc*, unpublished opinion per curiam of the Court of Appeals, issued March 18, 2014 (Docket Nos. 313892; 315479).[1]  We affirm.

In a prior appeal, this Court provided an extensive factual background for this case which we will not reiterate at length here.  In brief, plaintiff sued to enforce provisions of a "Declaration and Agreement as to Easements" which required the property owners of these adjacent commercial properties "to maintain the parking areas and roadways located on each parcel in a 'first-class condition.' " *Id*. at 2.  The Declaration and Agreement also provided that:

> [a]ny and all costs with regard to the maintenance of said parking areas and roadways shall be shared by the two parcels on a pro rata basis based on the square footage of the building area on the Shopping Center Parcel as it relates to the square footage of building on the K-Mart Parcel[.]  [*Id*.]

And the Declaration and Agreement granted each owner the respective right to enter onto the other parcel "to perform any and all maintenance and repair which may be needed in order to keep said parking area in a first-class condition, free of debris and snow." *Id*.  Plaintiff sought to compel defendants to comply with the terms of the Declaration and Agreement, perform and pay for the cost of repairs to the K-Mart Parcel, or be subject to a lien if plaintiff made the repairs to that property. *Id*.

Following a bench trial, the trial court held that the K-Mart Parcel had not been maintained in a first-class condition and defendant Rubloff was liable for the repairs. *Id*. at 3. Further, if Rubloff did not make the repairs, plaintiff could make the repairs and would be entitled to reimbursement or a judicial lien on the property that had priority over a previously recorded mortgage. *Id*.  Moreover, the trial court held, defendants waived the cost-sharing provision by previously refusing to pay for repairs to the Shopping Center Parcel. *Id*.  On November 28, 2012, a judgment was entered consistent with the rulings. *Id*.  Subsequently, plaintiff filed a motion to enforce the trial court's judgment and, on March 11, 2013, the trial court issued an order requiring defendants to pay $346,389 for repairs, without a pro rata sharing of costs by plaintiff. *Id*. at 9.  Thereafter, defendants and Ruby made the ordered repairs without seeking a stay of enforcement pending appeal.

This Court subsequently reversed three aspects of the November 28, 2012 judgment, holding that: (1) the trial court erred when it ruled that Rubloff was liable for the repairs as a representative of KM Port Huron, (2) defendants had not waived enforcement of the cost-sharing provision of the Declaration and Agreement because any such modification had to be in writing, and (3) plaintiff would not be entitled to a first-priority lien because the Declaration and Agreement did not provide for a lien. *Id*. at 6-9.  Further, considering the reversal of these relevant provisions of the judgment, the March 11, 2013 order was also vacated. *Id*. at 9.

---

[1] In their brief on appeal, defendants and intervenor Ruby contend that Ruby now controls the real property which is the subject of this case, the K-Mart Parcel, and therefore, defendants and Ruby referred to themselves collectively as "Ruby" throughout their brief on appeal.  Thus, we will collectively refer to defendants and Ruby as "Ruby" where appropriate.

Ruby then filed a motion in the trial court to "enforce" this Court's decision, seeking an order requiring plaintiff to pay its pro rata share of the completed work to the K-Mart Parcel as set forth in the cost-sharing provision of the Declaration and Agreement. Ruby claimed that its motion was essentially a motion for relief from judgment. The trial court denied the motion, stating: "I believe a separate action is going to be required. There wasn't a remand. There was an entry of an order." Ruby now appeals from that decision.

Ruby argues that the trial court erred when it concluded that it lacked "jurisdiction" to "enforce" this Court's judgment regarding the cost-sharing provision of the Declaration and Agreement and denied its motion for relief from judgment. We disagree.

We review a trial court's decision on a motion for relief from judgment for an abuse of discretion. *Heugel v Heugel*, 237 Mich App 471, 478; 603 NW2d 121 (1999). Generally, "an abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007), citing *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

MCR 2.612(C)(1)(e)[2] provides:

**(C) Grounds for Relief From Judgment.**

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

* * *

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

Ruby argues that it paid for the entire cost of the work performed on the K-Mart Parcel as ordered by the trial court on March 11, 2013. "Hence, MCR 2.612(C)(1)(e) provides authority to relieve Ruby[] from its burden of having paid the full amount under the order which subsequently was reversed by the Court of Appeals." We cannot agree.

First, Ruby erroneously contends that the trial court ruled that it lacked jurisdiction. When the trial court ruled on Ruby's motion, it stated, "I believe a separate action is going to be required. There wasn't a remand. There was an entry of an order." Thus, the basis of the trial court's holding was essentially that the initial case filed by plaintiff seeking to enforce the maintenance provisions of the parties' contract had reached its conclusion. The trial court did not hold that it lacked jurisdiction to consider Ruby's claim that it was entitled to reimbursement

---

[2] While Ruby also moved for relief from judgment under MCR 2.612(C)(1)(d) and MCR 2.612(C)(1)(f) in the trial court, Ruby has abandoned any contentions relating to those subrules on appeal because Ruby only addresses MCR 2.612(C)(1)(e) in its brief on appeal.

for the work it performed on the K-Mart Parcel while the appeal was pending; rather, the court held that the issue must be litigated in a separate action filed by Ruby. In other words, the issue whether Ruby was entitled to reimbursement for work it actually performed on the K-Mart Parcel was not an issue raised in plaintiff's case. Therefore, Ruby's claim that the trial court held that it lacked jurisdiction is without merit.

Second, the trial court did not abuse its discretion when it denied Ruby's motion to "enforce" this Court's judgment with regard to the cost-sharing provision. This Court reversed the trial court's holding that defendants waived the cost-sharing provision of the parties' agreement, noting that any modification to the parties' written contract had to be in writing to be enforceable. *K & M*, unpub op at 7. And because no written modification existed, this Court concluded that "the cost-sharing provision of the Declaration and Agreement must be enforced as written." *Id.* at 8. But contrary to Ruby's claim, this Court did not hold that plaintiff is liable under the facts of this case to pay its pro rata share of the specific repairs actually made to the K-Mart Parcel while the appeal was pending. Accordingly, the trial court did not abuse its discretion when it denied Ruby's motion to "enforce" this Court's judgment with regard to the cost-sharing provision.

Affirmed. Plaintiff is entitled to costs as the prevailing party. See MCR 7.219(A).


/s/ Mark J. Cavanagh
/s/ Michael F. Gadola

-4-