*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AGNES M. LANCZAK-MITRZYK,

        Plaintiff/Counterdefendant-
        Appellee,

v

GREGORY J. MITRZYK,

        Defendant/Counterplaintiff-
        Appellant.

UNPUBLISHED
July 16, 2019

Nos. 343177; 344685
Arenac Circuit Court
Family Division
LC No. 11-011530-DZ

Before: M. J. KELLY, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

In these consolidated appeals stemming from the parties' 2012 judgment of separate maintenance, defendant, Gregory J. Mitrzyk, challenges postjudgment orders entered by the trial court. In Docket No. 343177, defendant appeals by right the trial court's award of $2,500 in attorney fees to plaintiff, Agnes M. Lanczak-Mitrzyk. In Docket No. 344685, defendant appeals by delayed leave granted[1] the trial court's order dividing marital property and modifying spousal support. We affirm.

## I. BACKGROUND

Plaintiff and defendant were married for approximately 25 years before obtaining a judgment of separate maintenance ("JOSM") in 2012, pursuant to which plaintiff was awarded spousal support of $7,000 per month. In 2017, plaintiff filed a motion seeking enforcement or reformation of the JOSM, discovery regarding an alleged concealed transfer of property prior to entry of the JOSM, an increase in spousal support, and seeking recoupment of attorney fees in

---

[1] *Lanczak-Mitrzyk v Mitrzyk*, unpublished order of the Court of Appeals, entered October 10, 2018 (Docket No. 344685). In the same order, on the Court's own motion, the two appeals were consolidated. *Id.*

connection with the motion. Defendant filed his own motion, asking the trial court to reduce spousal support to $2,500 per month in light of his "semi-retirement," which had reduced his annual income from approximately $340,000 to $150,000.

Relevant to these appeals, the trial court entered an order: (1) awarding plaintiff one-half of the value of certain real property ("the Lots")[2] that the court determined defendant had concealed; (2) dividing an Edward Jones investment account ("the Account")[3] that had never been divided as required by the JOSM;[4] (3) reducing spousal support to $6,000; and (4) awarding plaintiff $2,500 in attorney fees.

## II. ANALYSIS

## A. STANDARDS OF REVIEW

In a domestic relations action, this Court reviews for an abuse of discretion an award of attorney fees. *Loutts v Loutts (After Remand)*, 309 Mich App 203, 215-216; 871 NW2d 298 (2015). The trial court's underlying factual findings are reviewed for clear error, and issues of law are reviewed de novo. *Id*. at 216.

Similarly, the trial court's factual findings related to the division of marital property are reviewed for clear error. *Hodge v Parks*, 303 Mich App 552, 554-555; 844 NW2d 189 (2014). Clear error occurs "when this Court is left with the definite and firm conviction that a mistake has been made." *Id*. at 555 (quotation marks). "If the trial court's findings of fact are upheld, the appellate court must decide whether the dispositive ruling was fair and equitable in light of those facts." *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010); see also *Sparks v Sparks*, 440 Mich 141, 151-152; 485 NW2d 893 (1992). Given that the trial court's "dispositional ruling is an exercise of discretion[,] . . . the ruling should be affirmed unless the appellate court is left with the firm conviction that the division was inequitable." *Sparks*, 440 Mich at 152; see also *Woodington*, 288 Mich App at 355.

This Court reviews for an abuse of discretion a trial court's award of spousal support. *Woodington*, 288 Mich App at 355. The trial court abuses its discretion when its "decision falls outside the range of reasonable and principled outcomes." *Id*. We review for clear error the trial court's factual findings associated with an award of spousal support. *Id*.

---

[2] The Lots were comprised of two separate addresses located in Omer, Michigan. Plaintiff alleged that defendant utilized a "strawman," Dennis Berlin, to purchase the Lots during the JOSM proceedings in order to avoid dividing it with plaintiff as marital property.

[3] Simultaneously, the trial court entered a supplemental order specifically delineating how the Account was to be divided.

[4] The Account was made up of various assets, including cash and liquid assets. The JOSM required the Account to be divided by March 2012; however, the parties never divided the Account, and each retained joint access and made withdrawals and trades.

Finally, "[a] trial court's decision on a motion to set aside a prior judgment is discretionary and will not be reversed on appeal absent an abuse of discretion." *Heugel v Heugel*, 237 Mich App 471, 478; 603 NW2d 121 (1999).

## B. ATTORNEY FEES

Defendant argues that the trial court abused its discretion in awarding \$2,500 in attorney fees because this award was not based on MCL 552.13 or MCR 3.206. We disagree.

"[A]ttorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract." *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). In a domestic relations action, an award of attorney fees is authorized by statute and court rule. *Id*. MCR 3.206(D)(1) permits a party to request attorney fees:

> A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

MCR 3.206(D)(2), which lists two independent bases for awarding attorney fees in a domestic relations action, provides:

> A party who requests attorney fees and expenses must allege facts sufficient to show that
>
> (a) the party is unable to bear the expense of the action, and that the other party is able to pay, or
>
> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

The language in MCR 3.206(D)(2)(a) has been interpreted to require an award of attorney fees in a domestic relations action only as necessary to enable a party to prosecute or defend a suit. *Loutts*, 309 Mich App at 216. The language in MCR 3.206(D)(2)(b) does not contemplate a party's ability to pay; rather, its focus is on a party's behavior. *Richards v Richards*, 310 Mich App 683, 701; 874 NW2d 704 (2015). MCR 3.206(D)(2)(b) authorizes an award of attorney fees in a domestic relations action when a requesting party has been forced to incur expenses resulting from the other party's unreasonable conduct during the course of litigation. *Cassidy v Cassidy*, 318 Mich App 463, 480; 899 NW2d 65 (2017); *Richards*, 310 Mich App at 700.

Although the trial court did not specify the basis for the award of attorney fees, it is clear from our review of the record that MCR 3.206(D)(2)(b) was applied. The trial court found, and both parties conceded, that the Account had not been divided despite the JOSM's instructions to do so. Plaintiff testified that the failure to divide the Account was the fault of both parties. The JOSM was a previous court order, but plaintiff and defendant failed to comply despite having the ability to do so. Defendant, accordingly, was partially at fault. Furthermore, as will be discussed

more fully below, the trial court found that defendant had engaged in a strawman scheme to hide the Lots from plaintiff and from the trial court. Defendant's actions in concealing the Lots constituted unreasonable conduct that required plaintiff to incur legal expenses over the course of the trial court proceedings. See *Cassidy*, 318 Mich App at 480; *Richards*, 310 Mich App at 700.

Plaintiff claimed that she had incurred more than $4,500 in attorney fees, but the trial court awarded her only $2,500. The trial court presumably determined that it was improper to award the entirety of plaintiff's attorney fees given her partial fault in necessitating further litigation. We discern no abuse of discretion.

## C. STRAWMAN TRANSACTION

Defendant argues that the trial court clearly erred in its determination that defendant engaged in a strawman transaction and, accordingly, that the trial court's award to plaintiff of one-half of the value of the profits derived from the Lots was inequitable. We disagree.

"[A] party's attempt to conceal assets" is "relevant in considering an equitable division of marital property . . . ." *Hanaway v Hanaway*, 208 Mich App 278, 298; 527 NW2d 792 (1995). Furthermore, "when a party has dissipated marital assets without the fault of the other spouse, the value of the dissipated assets may be included in the marital estate." *Woodington*, 288 Mich App at 368. See also *Everett v Everett*, 195 Mich App 50, 55-56; 489 NW2d 111 (1992) (holding that the trial court did not clearly err in including the plaintiff's house in its valuation of the marital estate when the plaintiff utilized stock options without the defendant's knowledge as part of the house's down payment). "The overarching goal of a trial court's property distribution in a divorce action is equity." *Elahham v Al-Jabban*, 319 Mich App 112, 121; 899 NW2d 768 (2017).

In the present case, defendant testified that he used $40,000 from the Account to purchase the Lots in 2013. Defendant conceded that these funds were still marital assets when he withdrew them because the Account remained undivided. Defendant has thus waived his argument on appeal that these same funds were not marital property.[5] Therefore, it was not inequitable for the trial court to award plaintiff a portion of the value of, and the profits derived from, the Lots because defendant utilized undivided marital funds to purchase the Lots.

Furthermore, there was ample evidence supporting the trial court's determination that defendant had engaged in a strawman transaction with Dennis Berlin in order to conceal defendant's interest in the Lots. Defendant claimed the Lots on his 2012 federal tax returns, including depreciation and amortization, and a witness employed within the tax industry testified that defendant would likely not have placed the Lots on his tax returns unless he had owned

---

[5] "A defendant may not waive objection to an issue before the trial court and then raise it as an error before this Court. To hold otherwise would allow defendant to harbor error as an appellate parachute." *People v Fetterley*, 229 Mich App 511, 520; 583 NW2d 199 (1998) (citation omitted).

them. Additionally, there was a discrepancy between the price that Berlin paid for the Lots[6] and the price that defendant paid Berlin for them in 2013. Berlin paid approximately $46,000 in 2011 for the Lots. But as reflected in the 2013 deed executed by defendant and Berlin, defendant paid only $22,500. This was approximately one-half of the purchase price that Berlin paid for the Lots, which supported plaintiff's theory that, at the time of the 2013 conveyance, defendant already held a one-half interest in the Lots and was simply buying out Berlin's one-half interest. Finally, plaintiff introduced into evidence handwritten notes that indicated the existence of a business relationship between defendant and Berlin as early as the end of 2011 relating to the Lots' maintenance, cost, taxes, and other services.[7]

## D. SPOUSAL SUPPORT MODIFICATION

Defendant next argues that the trial court clearly erred in its evaluation of several spousal support factors and that its decision to reduce spousal support by only $1,000 constituted an abuse of discretion. We disagree.

MCL 552.28 provides in pertinent part:

> On petition of either party, after a judgment for alimony . . . and subject to [MCL 552.17], the court may revise and alter the judgment, respecting the amount or payment of the alimony or allowance . . . and may make any judgment respecting any of the matters that the court might have made in the original action.

"In general, a trial court may modify child or spousal support after the judgment has entered if there is a change in circumstances." *Lemmen v Lemmen*, 481 Mich 164, 166; 749 NW2d 255 (2008). Such a modification "must be based on new facts or changed circumstances arising since the judgment of divorce." *Moore v Moore*, 242 Mich App 652, 654; 619 NW2d 723 (2000). In *Woodington*, 288 Mich App at 356, this Court discussed the factors associated with determining spousal support, stating:

---

[6] Berlin had previously purchased the Lots from a third party in 2011.

[7] Alternatively, defendant argues that plaintiff's motion to modify, amend, or set aside the JOSM was untimely under MCR 2.612(C). This argument was not raised in the trial court, and arguments raised for the first time on appeal are unpreserved and "are not ordinarily subject to review." *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993). Furthermore, under the circumstances presented, we are not convinced that the motion was untimely. See MCR 2.612(C)(1)(f) and (2); *Heugel*, 237 Mich App at 481 ("we believe that a trial court may properly grant relief from a judgment under MCR 2.612[C][1][f], even where one or more of the bases for setting aside a judgment under subsections a through e are present, when additional factors exist that persuade the court that injustice will result if the judgment is allowed to stand").

Among the factors that a court should consider are (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the abilities of the parties to work; (4) the source and the amount of property awarded to the parties; (5) the parties' ages; (6) the abilities of the parties to pay support; (7) the present situation of the parties; (8) the needs of the parties; (9) the parties' health; (10) the parties' prior standard of living and whether either is responsible for the support of others; (11) the contributions of the parties to the joint estate; (12) a party's fault in causing the divorce; (13) the effect of cohabitation on a party's financial status; and (14) general principles of equity.

"The objective of spousal support is to balance the incomes and needs of the parties in a way that will not impoverish either party, and support is to be based on what is just and reasonable under the circumstances of the case." *Id*.

Here, defendant challenges the trial court's findings concerning the past relations and conduct of the parties, the parties' ability to work, the parties' needs, and the parties' prior standard of living. We discern no clear error in the trial court's findings. Regarding the past relations and conduct of the parties, we note defendant had attempted to conceal marital property from plaintiff and the trial court. Accordingly, this factor could weigh against defendant. Regarding the parties' ability to work, the trial court did not, contrary to defendant's assertions, fail to make a determination as to plaintiff's ability to work. The trial court explicitly found that *both* parties possessed the ability to work and that, to the extent that either had decided not to work, this was the parties' choice. Regarding the parties' needs, the parties presented extensive evidence of their expenses and income. The trial court found that defendant was in a superior financial position, and it stated that it found this factor to be significant. Although the trial court did not articulate every expense testified to by the parties, its decision demonstrates that it had considered the expenses. Our review of the evidence shows no error in the determination that defendant was in a superior financial position given his annual income and extensive assets. Finally, regarding the parties' prior standard of living, the trial court did not, contrary to defendant's argument, determine that plaintiff was entitled to the same standard of living as defendant. Rather, it merely stated that the parties had lived "pretty well and comfortably."

Additionally, defendant challenges the trial court's spousal support decision as being in conflict with provisions in the JOSM. Defendant appears to argue that, because the JOSM explicitly stated that it contemplated defendant's retirement and would treat it as a change of circumstances rather than a voluntary reduction of income, he was entitled to a significant reduction in spousal support. Defendant, however, did not fully retire; he was merely "semi-retired." Accordingly, this portion of the JOSM was not implicated. Furthermore, nothing in the JOSM required the trial court to reduce spousal support by a specific percentage; rather, it merely stated that retirement would constitute a change of circumstances. As evidenced by its decision to reduce spousal support, the trial court found that defendant's semi-retirement constituted a change of circumstances. However, nothing required it to reduce spousal support to

the $2,500 proposed by defendant.[8] The amount was left to the trial court's discretion. Given defendant's superior financial status as evidenced by his various bank accounts, retirement accounts, and investments, the trial court's decision to reduce spousal support by $1,000 was not outside the range of principled outcomes. *Woodington*, 288 Mich App at 355.

## E.  THE EDWARD JONES ACCOUNT

Finally, defendant argues that the trial court's method of dividing the Account was inequitable. We disagree.

Once again, "[t]he overarching goal of a trial court's property distribution in a divorce action is equity." *Elahham*, 319 Mich App at 121. Although the trial court is not required to divide the marital property equally, the property must be equitably divided upon a court's evaluation of the parties' contributions, faults, and needs. *Id*. When relevant to the case, a trial court must consider: (1) the duration of the marriage; (2) the parties' contributions to the marital estate; (3) the age of the parties; (4) the parties' health; (5) the life status of the parties; (6) the parties' necessities and circumstances; (7) the earning abilities of the parties; (8) the past conduct and relations of the parties; and (9) general principles of equity. *Id*. Furthermore, a trial court may consider any additional relevant factors. *Id*. Although the trial court is required to consider all relevant factors, it is prohibited from giving disproportionate weight to any one of the factors. *Id*. at 122.

In the present case, the trial court found that the parties had treated the Account as if they were still married, had shared the assets, and had made trades and withdrawals that affected the Account. The trial court further determined that *both* parties had assumed the risk of treating the Account in this manner. And *both* parties had possessed the opportunity to invest, which could result in gains or losses. The evidence supported these determinations. Both parties agreed that the Account had never been divided, and plaintiff testified that this was due to both parties' fault. Defendant conceded that he withdrew $40,000 in 2013 and $26,405.86 in 2015. Plaintiff testified that the parties treated the Account as a joint asset and that there was no demarcation between the assets in the Account. Defendant argues that he should not be responsible for the losses incurred by plaintiff. Yet he failed to take the necessary steps for dividing the account, and he continued to treat the Account as one held jointly by the parties. He may not now take issue with the losses incurred through trades executed by plaintiff when he himself treated the Account as a jointly held asset.

The trial court ordered that defendant pay to plaintiff the $66,405.86 that he removed from the Account, placing the parties back in their original positions. The Account would then be divided equally between the parties, subject to gains or losses from the order's date to the date

---

[8] We find equally meritless defendant's contentions that the trial court's decision infringed on his right to retire. By his own testimony, defendant's decision to only partially retire was based on his desire to pay for his adult daughter's school tuition and expenses.

of division. We are not left with a firm conviction that the trial court's division of the Account was inequitable. *Sparks*, 440 Mich at 152.

We affirm. Having fully prevailed on appeal, plaintiff is awarded taxable costs under MCR 7.219.


/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher