*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DRITAN DUSHKAJV,

       Plaintiff-Appellant,

and

SOMERSET PAIN CLINIC,

       Plaintiff,

v

AUTO CLUB INSURANCE ASSOCIATION,

       Defendant-Appellee.

UNPUBLISHED
March 06, 2025
2:59 PM

No. 369773
Oakland Circuit Court
LC No. 2022-194952-NF

Before: MURRAY, P.J., and K. F. KELLY and D. H. SAWYER[*], JJ.

PER CURIAM.

Plaintiff,[1] appeals of right the order of the Oakland Circuit Court granting defendant's motion for entry of judgment on the arbitration award pursuant to MCR 2.612(C)(1)(f) (hereinafter, "motion for relief"). Plaintiff also challenges the order denying his motion for reconsideration. We reverse and remand for further proceedings.

## I. FACTS

This case arises out of a motor vehicle accident on January 27, 2013, after which plaintiff sought personal injury protection (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*,

---

[*] Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

[1] Throughout this opinion, the term "plaintiff" refers solely to plaintiff-appellant, Dritan Dushkajv, unless otherwise stated. Plaintiff Somerset Pain Clinic was dismissed from the case by stipulation on February 23, 2024.

from defendant. In January 2016, plaintiff filed a complaint against defendant in Oakland Circuit Court. The parties agreed to submit the matter to binding arbitration, and the court dismissed the case with prejudice. Arbitration concluded in October 2017, and the arbitrators awarded plaintiff $221,750. In October 2018, the court entered judgment pursuant to the arbitration award (hereinafter, "arbitration judgment"), and closed the case.

In August 2019, plaintiff filed another complaint seeking benefits from defendant in Wayne Circuit Court. Defendant moved for partial summary disposition, pursuant to MCR 2.116(C)(7), arguing that plaintiff was estopped from making any claim for attendant care benefits because he waived them in the parties' arbitration agreement. Defendant attached a copy of the agreement to its motion. Plaintiff responded, arguing that defendant's copy of the arbitration agreement was not the one he signed, and that he signed a different version of the agreement, which did not waive future attendant care benefits. Plaintiff attached his own copy of the arbitration agreement in support of his motion, though it lacked defendant's signature.

In May 2020, Wayne Circuit Court denied defendant's motion for partial summary disposition, concluding that a genuine issue of material fact remained with respect to the agreed-upon terms of the arbitration agreement. The court noted several discrepancies between the two versions of the agreement, and noted that plaintiff's signature appeared "somewhat compromised" on defendant's version.

In October 2021, plaintiff filed a motion in the original Oakland Circuit Court matter, requesting the court set aside the arbitration judgment pursuant to MCR 2.612(C)(1)(d), (e), or (f) because his primary treatment providers, Dr. Seid Cosovic and Somerset Pain Clinic, rescinded their agreement to continue treatment. Because the arbitration judgment limited plaintiff's treatment to these providers, he argued relief from the arbitration judgment was justified. Plaintiff served his motion through the state court electronic filing system (MiFile), but defendant's prior counsel in the original Oakland Circuit Court action was served instead of defendant's updated counsel. Thus, defendant did not respond to plaintiff's motion to set aside, and the court granted plaintiff's motion without oral argument, setting aside the arbitration judgment. Defendant filed a motion for reconsideration of the order, which the court denied.

In March 2022, defendant filed a motion in the Wayne Circuit Court case to transfer venue to Oakland Circuit Court, which the court granted, noting it lacked jurisdiction to grant declaratory relief regarding the arbitration judgment entered by the Oakland Circuit Court. After the case was transferred to Oakland Circuit Court, in July 2023, defendant filed a motion requesting relief from the order setting aside the arbitration judgment under MCR 2.612(C)(1)(f), based primarily on its lack of notice of plaintiff's motion to set aside. In response, plaintiff argued that because he served the motion through MiFile, service was proper. Following a hearing, the court granted defendant's motion for relief and reinstated the arbitration judgment pursuant to defendant's version of the arbitration agreement. The court found that judgment was properly entered on that agreement, and that defendant lacked proper notice of plaintiff's motion to set aside. Plaintiff filed a motion for reconsideration, which the trial court also denied. Plaintiff now appeals.

## II. DISCUSSION

Plaintiff argues that the trial court erred by granting defendant's motion for relief under MCR 2.612(C)(1)(f) and denying plaintiff's motion for reconsideration. We agree.

This Court reviews a trial court's decision on a motion for relief from judgment for an abuse of discretion, "which occurs when the trial court's decision falls outside the range of principled outcomes." *Int'l Outdoor, Inc v SS Mitx, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket Nos. 359082 and 359881); slip op at 3. A trial court also abuses discretion when it makes an error of law. *Id*. A trial court's decision on a motion for reconsideration is also reviewed for an abuse of discretion. *Tripp v Baker*, 346 Mich App 257, 274; 12 NW3d 45 (2023). This Court reviews a trial court's interpretation and application of the court rules de novo. *Int'l Outdoor*, ___ Mich App at ___; slip op at 3. "Whether a claim is subject to arbitration is also reviewed de novo, as is the construction of contractual language." *Legacy Custom Builders, Inc v Rogers*, 345 Mich App 514, 521; 8 NW3d 207 (2023) (quotation marks and citation omitted).

A court may grant relief from judgment if the movant proves one of the following grounds in MCR 2.612(C)(1):

> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).
>
> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
>
> (d) The judgment is void.
>
> (e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.
>
> (f) Any other reason justifying relief from the operation of the judgment.

Here, the trial court granted defendant's motion under MCR 2.612(C)(1)(f). This Court has outlined certain requirements in order for this subsection to apply:

> In order for relief to be granted under MCR 2.612(C)(1)(f), the following three requirements must be fulfilled: (1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice. [*Tindle v Legend Health, PLLC*, 346 Mich App 468, 487; 12 NW3d 667 (2023), quoting *Heugel v Heugel*, 237 Mich App 471, 478-479; 603 NW2d 121 (1999).]

Generally, relief is granted under MCR 2.612(C)(1)(f) "when the reason for setting aside the judgment is not included in (C)(1)(a)-(e), and when the judgment was obtained by the improper conduct of the party in whose favor the judgment was entered." *Int'l Outdoor*, ___ Mich App at ___; slip op at 3.

The trial court articulated two reasons for granting defendant relief from the order setting aside the arbitration judgment. First, it concluded, "[J]udgment was properly entered based on the arbitration agreement signed by all of the parties," and second, it found defendant was not provided with proper notice of the hearing on the motion to set aside judgment. Plaintiff argues that the trial court abused its discretion in granting defendant's motion based on defendant's lack of notice of plaintiff's motion to set aside. Plaintiff also contends the trial court improperly ruled as a matter of law that defendant's version of the arbitration agreement was the correct agreement. We agree because the trial court applied the wrong legal standard in granting defendant relief based on the signed arbitration agreement.

Plaintiff argues that the trial court abused its discretion in granting defendant's motion when it concluded that the arbitration judgment was properly entered based on defendant's version of the arbitration agreement. Arbitration is a matter of contract, and a valid agreement must exist for arbitration to be binding. *Legacy Custom Builders*, 345 Mich App at 523. "The existence of an arbitration agreement and the enforceability of its terms are judicial questions for the court, not the arbitrators." *Id.* (quotation marks and citation omitted). This Court applies the same legal principles governing contract interpretation when interpreting an arbitration agreement. *Id.* A party cannot be required to arbitrate an issue which it has not agreed to submit to arbitration. *Id.*

We first note that while the trial court's decision and the bulk of plaintiff's argument on appeal focus on the validity of the parties' arbitration agreement, the briefings underlying the trial court's order setting aside the arbitration award do not focus on this issue. While plaintiff's motion to set aside referenced the parties' dispute over the validity of the arbitration agreement, the substance of his motion was premised on Dr. Cosovic's refusal to treat him. The arguments regarding the validity of the arbitration agreement were presented in the summary disposition motions, which were not directly implicated in the trial court's decision to set aside "the 11/24/21 order, which set aside the judgment entered pursuant to the arbitration award."

Thus, the trial court effectively determined the summary disposition issue concerning the validity of the arbitration agreement, which was not at issue in the underlying order or motion to set aside from which defendant sought relief, by finding that "judgment was properly entered based on the arbitration agreement signed by all of the parties . . . ." Though the trial court has the ability to revise its nonfinal orders, MCR 2.604(A), it erred here by assessing the substantive question of whether the parties had a valid arbitration agreement under the standard set forth in MCR 2.612(C)(1)(f), without analysis of the underlying motions for summary disposition or reconsideration. If the trial court intended to revise the Wayne Circuit Court's order denying defendant's motion for partial summary disposition under MCR 2.116(C)(7), it should have done so under the applicable summary disposition analysis in which the court "accepts as true, and construes in plaintiff's favor…documentary evidence submitted by the parties to determine whether a genuine issue of material fact exists." *Emerzian v North Bros Ford Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365100); slip op at 2.

-4-

"An arbitration agreement does not exist unless it was formed by the mutual assent of the parties." *Id*. at ___; slip op at 3 (quotation marks and citation omitted). As the Wayne Circuit Court detailed in the opinion and order denying defendant's motion for partial summary disposition, the evidence calls into question whether the parties mutually assented to the terms of the arbitration agreement. Neither agreement was dated, and while plaintiff's version did not contain defendant's signature, plaintiff's signature in defendant's copy of the agreement was unclear. The terms of the agreements also significantly differed, as evidenced by the parties' dispute over whether plaintiff waived his future claims for attendant care benefits. Further, plaintiff's deposition testimony also suggests that he did not mutually assent to the terms of the arbitration agreement presented by defendant.

The trial court applied the wrong legal standard in effectively determining this issue under MCR 2.612(C)(1)(f) without making a record analyzing the foregoing facts. Indeed, the extent of the trial court's analysis in determining that defendant's version of the agreement controlled was that "[t]he existence of a second document, unsigned by Defendant, [was] not sufficient to demonstrate the invalidity of the document signed by all parties." The trial court should have analyzed this issue in the summary disposition context, construing the evidence in favor of plaintiff and abstaining from making its own factual determinations. See *Emerzian*, ___ Mich App at ___; slip op at 2. Accordingly, because the trial court applied the wrong standard in granting defendant's motion for relief on this basis, it abused its discretion. See *Int'l Outdoor*, ___ Mich App at ___; slip op at 4 ("A trial court also abuses discretion when it premises its exercise of discretion on an error of law.").

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ David H. Sawyer