# STATE OF MICHIGAN

# COURT OF APPEALS

TAMALA A. BALLOR,

Plaintiff-Appellant,

v

KATHLEEN L. BARNETT,

Defendant-Appellee.

UNPUBLISHED
January 16, 2018

No. 338263
Roscommon Circuit Court
LC No. 16-722871-CH

Before: MARKEY, P.J., SHAPIRO and GADOLA, JJ.

PER CURIAM.

Plaintiff initiated this action by filing a complaint for declaratory relief and to quiet title to a residence at 225 Lake Street, Roscommon, Michigan. Defendant, Kathleen L. Barnett, answered that she had provided plaintiff money to partially finance plaintiff's purchase of the Lake Street residence and that plaintiff and defendant had entered a contract for defendant to purchase the property through a rent-to-own arrangement. Exhibits that were attached to plaintiff's complaint and additional exhibits admitted during a one-day bench trial supported defendant's claims. On April 19, 2017, the case came on for hearing of plaintiff's rebuttal testimony and the parties' oral final arguments. Instead, the parties' counsel placed on the record a settlement whereby defendant would purchase the property by paying off the remaining balance of plaintiff's mortgage. A consent judgment consistent with the parties' settlement approved as to form and content by both parties' counsel was entered the same date. Plaintiff now appeals by right, seeking relief from judgment in the first instance. We affirm.

## I. STANDARD OF REVIEW

"A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion." *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 404; 651 NW2d 756 (2002); see also *Heugel v Heugel*, 237 Mich App 471, 478; 603 NW2d 121 (1999). An abuse of discretion occurs when the trial court reaches a result outside the principled range of outcomes. *C D Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 422; 834 NW2d 878 (2013).

"An agreement to settle a pending lawsuit is a contract, governed by the legal rules applicable to the construction and interpretation of other contracts." *Clark v Al-Amin*, 309 Mich App 387, 394; 872 NW2d 730 (2015) (citation omitted). "The existence and interpretation of a contract are questions of law reviewed de novo." *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006).

-1-

## II. DISCUSSION

In general, the Court of Appeals has jurisdiction to review alleged error committed by a lower court or tribunal resulting in a final order or judgment. MCL 600.308(1); MCR 7.203(A). In this case, rather than asserting that the lower court erred and supporting such a claim with citations to the record on appeal and legal authority, see MCR 7.210(A)(1) and MCR 7.212(C), plaintiff, without having moved in the trial court or created a record supporting her claims, essentially moves this court in the first instance for relief from judgment under MCR 2.612(C).

"It is elementary that one cannot appeal from a consent judgment, order or decree . . . . [N]either party can complain of a consent order, for the error in it, if there is any, is their own, and not the error of the court." *Dora v Lesinski*, 351 Mich 579, 582; 88 NW2d 592 (1958)(citations and quotation marks omitted). But a consent judgment may be subject to attack where "consent to entering judgment was not voluntarily given or that it resulted from mistake, fraud or misrepresentation." *Sauer v Rhoades*, 338 Mich 679, 681; 62 NW2d 634 (1954). See also *Trendell v Solomon*, 178 Mich App 365, 367; 443 NW2d 509 (1989) ("As a general rule, consent judgments will not be set aside or modified except for fraud or mutual mistake."). The grounds recognized for challenging a consent judgment are included in the grounds for relief from judgment under MCR 2.612(C). This rule requires that a party file a timely motion with the court that entered the judgment or order. See MCR 2.612(C)(1) & (2); MCR 2.613(B)("A judgment or order may be set aside or vacated, and a proceeding under a judgment or order may be stayed, only by the judge who entered the judgment or order, unless that judge is absent or unable to act."). Plaintiff chose not only to approve the consent judgment, but also failed to raise her alleged grounds for relief from judgment in the trial court.

Plaintiff has patently failed to preserve any alleged error of the lower court for this Court to review on appeal. As explained by our Supreme Court in *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008):

> Michigan generally follows the "raise or waive" rule of appellate review. Under our jurisprudence, a litigant must preserve an issue for appellate review by raising it in the trial court. Although this Court has inherent power to review an issue not raised in the trial court to prevent a miscarriage of justice, generally a failure to timely raise an issue waives review of that issue on appeal. [Citations and quotation marks omitted.]

Generally, an issue is not properly preserved if it is not raised before and addressed and decided by the trial court or administrative tribunal. See *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010).

As noted, this Court may waive preservation requirements "to review an issue not raised in the trial court to prevent a miscarriage of justice[.]" *Walters*, 481 Mich at 387. In addition, this Court may review an unpreserved issue when consideration is necessary to a proper determination of the case, or when the issue is a question of law and the facts necessary for resolution of the issue have been fully presented. *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). But even when there exists a basis for waiving preservation requirements, our Supreme Court has cautioned that appellate courts should

-2-

exercise their discretion sparingly and only when there are exceptional circumstances that warrant review. *Napier v Jacobs*, 429 Mich 222, 233; 414 NW2d 862 (1987).

In this case, plaintiff presents arguments to this Court regarding the merits of the parties' disputed claims below, such as the statute of frauds and plaintiff's alleged diminished capacity, which were or could have been presented to the trial court. Plaintiff waived these claims by entering the settlement and approving the consent judgment. See *Reed Estate v Reed*, 293 Mich App 168, 176-177; 810 NW2d 284 (2011) (Waiver is demonstrated by intentionally foregoing a known claim, or by neglecting and failing to act that induces a belief that there is an intention or purpose to waive.). Plaintiff also asserts grounds for relief from judgment such as mutual mistake, fraud, or any other reason. MCR 2.612(C)(1)(a), (c), & (f). But none of these claims is supported with citations to the record. See MCR 7.212(C)(6) & (C)(7). "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Houghton v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003).

> "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." [*Yee*, 251 Mich App at 406, quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).]

In sum, there is no alleged error for this court to review where plaintiff entered into a settlement and consent judgment that resolved the parties' disputed claims. *Dora*, 351 Mich at 581-582. Plaintiff did not invoke the trial court's discretion or create a record regarding her claims for relief from judgment. MCR 2.612(C)(1); MCR 2.613(B). Consequently, there is no record for this Court to review whether the trial court clearly erred in fact finding, MCR 2.613(C), or abused its discretion. See *Yee*, 251 Mich App at 404; *Zeilman v Fry*, 213 Mich 504, 508; 182 NW 41 (1921) ("Cases may not be reversed [on appeal] for a failure on the part of the trial court to exercise a discretion [it] was not asked to exercise nor upon rulings that were never made."). There is no record support that the present case presents extraordinary circumstances that warrant waiving appellate preservation requirements. *Napier*, 429 Mich at 233. Plaintiff has waived her claims of error by not raising then in the trial court. *Walters*, 481 Mich at 387.

Even if we were to consider plaintiff's claims on their merits in light of the available record, no relief is warranted. Plaintiff argues this Court should grant relief from the judgment under MCR 2.612(C)(1)(a) (mutual mistake), (c) (fraud), or (f) (any other reason). Plaintiff has not supported factually or with legal authority the grounds for relief she asserts. An appellant may not merely announce a position and then fail to factually and legally support the position. See *Houghton*, 256 Mich App at 339-340; *Yee*, 251 Mich App at 406. "It is axiomatic that where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court." *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

As noted, an agreement to settle a lawsuit is a contract that is governed by the legal principles applicable to other contracts. *Clark*, 309 Mich App at 394. As a general rule, a contract to settle a lawsuit may not be set aside or modified "except for fraud, mutual mistake, or

duress." *Id*. at 395. To warrant relief, the "mutual mistake" must be "an erroneous belief, which is shared and relied on by *both parties*, about a material fact that affects the substance of the transaction." *Id*. (citations omitted; emphasis added). "A unilateral mistake is not sufficient to warrant reformation." *Casey v Auto Owners Ins Co*, 273 Mich App 388, 398; 729 NW2d 277 (2006). Furthermore, "a mistake by one side or the other regarding the legal effect of an agreement—is not a basis for reformation." *Id*.

In her brief on appeal, plaintiff does not identify a "mutual mistake" that formed the basis of the settlement agreement. Rather, she suggests that the settlement agreement was an "ill advised or careless decision." Such an after-the-fact, unilateral assessment of the settlement agreement does not show a mutual mistake warranting relief. *Casey*, 273 Mich App at 398.

In her reply brief, plaintiff argues that the "mutual mistake" occurred when, before the settlement, both parties believed that defendant had a contract to purchase the Roscommon residence. It is difficult to comprehend the logic of plaintiff's argument. Plaintiff appears to suggest that both parties believed that defendant had a contract to purchase plaintiff's property, but this belief was mistaken. Of course, this claim, even if it made sense, is nowhere supported by the record, which shows that at all times before and after the settlement, plaintiff took the position no contract existed, and defendant took the position that she had a contract to purchase the property. The record does suggest that plaintiff's counsel convinced her to settle based on advice that plaintiff was likely going to lose the case on the merits. Nevertheless, the parties' mistaken belief concerning the legal effect of their agreement—a mistake of law—is not a basis for reforming the contract. *Casey*, 273 Mich App at 398.

Plaintiff also argues that the consent judgment was obtained by fraud but fails to explain this other than arguing that defendant's case for a contract lacked merit. Again, by entering the settlement and approving the consent judgment, plaintiff waived any defenses on the merits plaintiff may have had to defendant's claim that a she had a contract to purchase plaintiff's property. See *Reed*, 293 Mich App at 176-177.

Plaintiff also argues that she is entitled to relief because she "is susceptible to pressure applied by others," and that pressure by her trial counsel to settle amounted to "ineffective assistance of counsel" that justifies relief from judgment under MCR 2.612(C)(1)(f). Plaintiff does not factually support with citation to the record on appeal her claims that she was susceptible to pressure or that her counsel applied improper pressure to settle the case. The closest record support for these allegations is plaintiff's counsel noting that plaintiff was not "particularly enthused about" the settlement. But being unhappy does not prove that plaintiff is easily pressured or that her counsel applied improper pressure to settle the case. Moreover, plaintiff cites no legal authority that legal advice to settle a lawsuit on terms the client does not like amounts to ineffective assistance. Further, plaintiff cites no legal authority to support that even if she received ineffective assistance of counsel that fact would justify relief from judgment under MCR 2.612(C)(1)(f). Like her other arguments that are not supported with facts and legal authority, this argument is abandoned. *Yee*, 251 Mich App at 406; *Prince*, 237 Mich App at 197.

Additionally, relief under MCR 2.612(C)(1)(f) may be granted only if the following three requirements are met:

-4-

"(1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice." [*King v McPherson Hosp*, 290 Mich App 299, 304; 810 NW2d 594 (2010), quoting *Heugel*, 237 Mich App at 478-479.]

"Generally, relief is granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered." *Heugel*, 237 Mich App at 479. Plaintiff cites no improper conduct of defendant to obtain the settlement and consent judgment. Consequently, plaintiff's argument regarding MCR 2.612(C)(1)(f) is without merit.

For all the foregoing reasons, we affirm the consent judgment entered pursuant to the parties' settlement on the record. Effective immediately, we also vacate this Court's July 7, 2017 order staying proceedings in this case. As the prevailing party, defendant may tax her costs pursuant to MCR 7.219.

/s/ Jane E. Markey
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

-5-